**ANDERSON et al. v. UNITED STATES.**

**No. M–111.**

Court of Claims.

June 1, 1936.

226

R. C. Fulbright, of Houston, Tex., and Chase Morsey, of St. Louis, Mo. (Fulbright, Crooker & Freeman, of Houston, Tex., on the brief), for plaintiffs.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

In this case plaintiffs seek to recover $188,948.03 with interest, income tax assessed and collected in respect of the income of Frank E. Anderson for 1920. Anderson died December 15, 1924, and Monroe D. Anderson was duly appointed executor of his estate and acted as such executor from January 1925 until discharged, April 16, 1934, when the net estate was distributed to the present plaintiffs in this action. The total tax and interest assessed by the Commissioner in respect of the income of Frank E. Anderson for 1920 was $451,355.97, and $262,-407.94 thereof was collected by a credit on April 16, 1926, of an overpayment in that amount in respect of the tax paid by Frank E. Anderson for 1919. The balance of $188,948.03 of the additional assessment made for 1920 was paid by the executor of the estate of Frank E. Anderson on May 12, 1926, pursuant to notice and demand by the collector. A claim for refund was filed and rejected, and this suit was instituted to recover the balance of $188,948.03 on the ground that it was barred by the statute of limitation for the reasons, first, that the assessment of the additional tax for 1920 was illegal and void because the amount of $451,355.97 of the total taxes assessed by the Commissioner on his assessment list signed April 7, 1926, was entered on the supplementary page attached to such assessment list as the tax due for 1920 in respect of the income for that year of "Anderson, Frank E., dec'd, C/o M. D. Anderson, Exec., C/o Anderson, Clayton & Company, Houston, Texas" instead of being listed on such supplementary page to the Commissioner's assessment list as being due and collectible from the "estate of Frank E. Anderson, deceased"; and, second, because the limita-

tion period of five years after the return for 1920 was filed expired March 14, 1926, and the provisions of the revenue acts of 1924 and 1926 did not give the Commissioner an additional sixty days after the expiration of such five-year period by reason of the mailing by the Commissioner on December 3, 1925, of a deficiency notice under section 274 of the Revenue Act of 1924 (43 Stat. 297).

 The contention that the assessment was illegal and void is denied on authority of Burdine C. Anderson et al. v. United States (Ct.Cl.) 15 F.Supp. 216, No. 42472, decided this date. The statutory deficiency notice issued prior to assessment was mailed to the executor, and the estate of Frank E. Anderson, as the taxpayer, was afforded an opportunity through the executor to be heard before the Commissioner in respect of the deficiency for 1920 and to appeal to the United States Board of Tax Appeals. No appeal was taken. April 7, 1926, the Commissioner assessed the additional tax so determined in his sixty-day notice mailed under section 274 of the Revenue Act of 1924. This assessment was entered by the Commissioner on the supplementary page attached to his assessment list as payable by the executor of Frank E. Anderson, deceased. Upon receipt of such assessment list the collector served written notice and demand upon M. D. Anderson as executor of the estate of Frank E. Anderson for payment of the balance due. In these circumstances we are clear, as held in No. 42472, that the Commissioner's assessment of the additional tax in question was in all respects a valid and legal assessment. The tax assessed by the Commissioner was correct in amount and was for the proper year; it was computed and determined upon the income of the proper person, and notice and demand for the payment thereof was served upon the proper representative of the taxpayer responsible for payment and the amount was duly and properly paid. The fact that the Commissioner entered the amount assessed upon the supplementary page attached to his assessment list as being an additional tax for 1920 in respect of the income of Frank E. Anderson, deceased, % M. D. Anderson, Exec., instead of as an additional tax for 1920 collectible from the estate of Frank E. Anderson, did not affect the legality of the assessment, for either designation would have been correct. The Commissioner assesses the tax, and the amount assessed is a charge against the collector for which he must account. The designation on the supplementary page attached to the Commissioner's assessment list of the person in respect of whose income a tax was assessed or the person from whom collection should be made is for the information and guidance of the collector, and if he proceeds in a proper and legal manner, as he did in this case, no valid objection to the assessment and collection can be made by the person responsible for the payment of the amount assessed and from whom such assessment was collected.

 We cannot concur in the second contention that the tax was barred at the time it was assessed on April 7, 1926. Sections 274, 277, and 280 of the Revenue Act of 1924 were applicable to deficiencies in taxes determined by the Commissioner for years prior to 1924. When any such deficiency was determined by the Commissioner, he was required by section 274 to mail to the taxpayer by registered mail a notice thereof, and the taxpayer was given the right to take the case before the Board of Tax Appeals. In compliance with these sections, the Commissioner on December 3, 1925, in accordance with the provisions of section 274 of the 1924 act, mailed the sixty-day deficiency notice to the executor of the estate of Frank E. Anderson. This clearly gave the Commissioner an additional sixty days after the expiration of the statutory period of five years from the date the return for 1920 was filed within which to assess the deficiency under the provisions of section 277 (b) (43 Stat. 299) which provided as follows: "The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals." This language clearly fixed the period for assessment in this case at five years and sixty days. Inasmuch as the return for 1920 was filed March 14, 1921, and the deficiency notice was mailed on December 3, 1925, within five years thereafter, and

no appeal was taken therefrom to the Board of Tax Appeals, the period within which the Commissioner was authorized to assess the tax did not expire until May 13, 1926. The assessment on April 7, 1926, was therefore timely, and under the provisions of the Revenue Act of 1926 (44 Stat. 9), which was enacted on February 26, 1926, the Commissioner had six years thereafter within which to make collection.

Plaintiffs make the further contention that even if section 277 of the Revenue Act of 1924 gave the Commissioner five years and sixty days within which to assess the deficiency, the assessment was nevertheless barred when made for the reason that sections 274 and 277 of the Revenue Act of 1924 were repealed by section 1200 of the Revenue Act of 1926 and as the deficiency determined for 1920 was not assessed by the Commissioner until after the enactment of the Revenue Act of 1926 that the Commissioner had only five years, or until March 14, 1926, within which to make the assessment. We cannot agree with this contention, and we think no useful purpose would be served by a detailed discussion of the various provisions of the revenue acts of 1924 and 1926 on the subject. Section 1200 (b), 44 Stat. 126, clearly continued in force all the provisions of the Revenue Act of 1924 for the assessment and collection of all taxes, interest, and penalties imposed by prior revenue acts to the extent provided in the Revenue Act of 1924. The Revenue Act of 1926 granted a number of additional privileges to the Commissioner and the taxpayer in respect of deficiencies determined by the Commissioner after the passage of the Revenue Act of 1926 and in respect of cases then pending before the Board of Tax Appeals on deficiencies previously determined by the Commissioner. From a careful study of these provisions we fail to discover any language that would support the conclusion that it was intended by the Revenue Act of 1926 to take away from the Commissioner the additional sixty-day period provided in section 277 of the Revenue Act of 1924 in a case where a deficiency notice had been mailed under section 274 of the act of 1924 and no appeal had been taken to the Board.

The petition is dismissed, and it is so ordered.