**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**ESTATE of Kenneth L. SHEPARD, Milo J. Shepard, Executor, and Milo J. Shepard, Carl P. Shepard and Elsie M. Shepard, Legatees, Defendants-Appellants.**

**No. 382, Docket 27727.**

United States Court of Appeals Second Circuit.

Argued June 11, 1963.

Decided June 26, 1963.

Milo J. Shepard, Syracuse, N. Y., for appellants.

David I. Granger, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., Justin J. Mahoney, U. S. Atty. for the Northern Dist. of New York, Arthur F. Barns, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

**700**

PER CURIAM.

In this action by the United States to recover unpaid income taxes for the year 1947, the sole issues relate to whether the assessment of the taxes, and this action for their collection, were timely. We agree with the district court that they were, and affirm the judgment with one minor modification.

The decedent, Kenneth L. Shepard, filed his 1947 federal income tax return on April 15, 1948, showing a gross income of $36,216.90. On March 14, 1951, taxpayer was notified by so-called ninety day letter of a $2,577.01 deficiency, resulting from his failure to return an additional $10,000 of gross income. On later re-audit, this figure was recomputed to $11,817.43 and a final tax deficiency of $3,243.60 was asserted.

On May 7, 1951, taxpayer filed a timely petition for review of the deficiency in the Tax Court. During the pendency of these proceedings, the taxpayer died, and appellant Milo J. Shepard was appointed executor of the estate. On May 20, 1952, the executor consented to the immediate assessment and collection of the deficiency. Internal Revenue advised the executor that the waiver was ineffective to terminate the Tax Court proceedings, and requested a stipulation for the entry of judgment. A stipulation was signed and filed on June 12, 1952, and provided that the Tax Court should enter its decision finding a deficiency in taxpayer's 1947 return in the amount of $3,243.60. The stipulation further provided "that effective upon the entry of the Court's decision, petitioner waives the restrictions, if any, contained in the applicable internal revenue act or acts, on the assessment and collection of said deficiency, plus interest as provided by law."

On August 28, 1952, the Tax Court entered its decision pursuant to the stipulation. The assessment list was certified on October 16, 1952, the assessment was made on October 24, 1952, and this action for the collection of the tax was filed on October 23, 1958.

 Section 275(a) of the Internal Revenue Code of 1939[1] provides that income taxes must be assessed within three years after a return is filed. Appellant argues that the assessment on October 24, 1952 was therefore untimely. Under Section 275(c) however, the limitations period is extended to five years if the taxpayer omits from his return an amount in excess of 25 per cent of the amount of gross income shown in the return. We hold that Section 275(c) is applicable in the present case, and that the assessment was timely. Indeed, the assessment was timely even under Section 275(a), since the sending of a deficiency notice on March 14, 1951, and the filing of the taxpayer's petition in the Tax Court on May 7, 1951, tolled the running of the limitations period from March 14, 1951 until sixty days after the decision of the Tax Court on August 28, 1952. Internal Revenue Code of 1939, §§ 277, 272(a) (1).

 The assessment was made on October 24, 1952, and not on October 16, when the lists were certified. See Anderson v. United States, 15 F.Supp. 216, 83 Ct.Cl. 561 (1936), cert. denied 300 U.S. 675, 57 S.Ct. 668, 81 L.Ed. 880 (1937), 15 F.Supp. 225, 83 Ct.Cl. 475 (1936), cert. denied 302 U.S. 695, 58 S. Ct. 13, 82 L.Ed. 537 (1937). The filing of this suit on October 23, 1958 was within the six year limitations period for collection after assessment. Internal Revenue Code of 1939, § 276(c).

The parties agree that appellant Elsie M. Shepard received $1,500 from the estate as a creditor, rather than as a legatee as found by the district court, and that the judgment against her should therefore be vacated. It is so ordered.

Affirmed as modified.

1. By virtue of Section 7851(d) of the 1954 Code, the limitations provisions of the 1939 Code remain applicable to cases involving the years covered by the 1939 Code.