The COLUMBUS FRUIT AND VEGETA-
BLE COOPERATIVE ASSOCIATION,
INCORPORATED, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 599–83T.

United States Claims Court.

March 27, 1985.

Joseph F. Dillon, Detroit, Mich., for plaintiff; Ann Marie Wambeke, Raymond & Dillon, P.C., Detroit, Mich., of counsel.

Neil V. Birkhoff, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

NETTESHEIM, Judge.

This matter is before the court on cross-motions for summary judgment. The parties have stipulated to all relevant facts.

## FACTS

Plaintiff The Columbus Fruit and Vegetable Cooperative Association, Incorporated ("plaintiff"), an Ohio agricultural cooperative, seeks a refund of federal income taxes in the amount of $2,130.56 [1] paid for fiscal years ending March 29, 1980, and March 28, 1981, with interest, costs, and attorneys' fees. Plaintiff claims deductions of $15,408 under the Internal Revenue Code ("I.R.C.") § 1382(b)(1), 26 U.S.C. § 1382(b)(1) (1982), for patronage dividends paid to its members in those years. I.R.C. § 1382(b)(1) allows payments of patronage dividends to be deducted from the income of organizations "to which this part [Part I, subchapter T (§§ 1381–1383)] applies." [2] Section 1381(a) provides in pertinent part: "This part shall apply to—(1) any organization exempt from tax under section 521 (relating to exemption of farmers' cooperatives from tax), and (2) any corporation operating on a cooperative basis other than an organization—(A) which is exempt from

---

1. In its complaint plaintiff sought a judgment in the amount of $3,096. In its motion for summary judgment, plaintiff seeks the lesser amount of $2,131, which defendant's figures, not rounded off, diminish by $.44.

2. 28 U.S.C. § 1382(b) provides, in pertinent part:

*Patronage dividends and per-unit retain allocations.*—In determining the taxable income of an organization to which this part applies, there shall not be taken into account amounts paid during the payment period for the taxable year—

(1) as patronage dividends (as defined in section 1388(a)) ... with respect to patronage occurring during such taxable year;

tax under this chapter...." The issue is whether plaintiff is a "corporation operating on a cooperative basis" within the meaning of section 1381(a)(2). Plaintiff does not claim to be an exempt organization under section 521.

A cooperative is an organization established for the purpose of purchasing and marketing the products of its members, *i.e.*, shareholders, and/or procuring supplies for resale to the members, whose profits are distributed to the members (in the form of patronage dividends), not on the basis of the members' equity investment in the cooperative, but in proportion to their patronage of it, *i.e.*, the amount of business that each member transacts with it.[3] In a workers' cooperative, the members jointly manufacture a product and share in the profits of the enterprise based on the amount of labor they contribute. *See generally Farmers Cooperative Co. v. Birmingham*, 86 F.Supp. 201 (N.D.Iowa 1949); *Puget Sound Plywood, Inc. v. Commissioner*, 44 T.C. 305 (1965).

It is undisputed that plaintiff functions as a cooperative in dealings with its members. Sales of members' merchandise, however, accounted for only about 24 percent of the value of plaintiff's total sales for the tax years in question. Approximately nine percent of its sales were of nonmember growers' produce. The balance, so-called "house sales," were resales of produce purchased from other wholesalers. For that reason the Internal Revenue Service (the "IRS") disallowed plaintiff's claimed deductions for patronage dividends, invoking Rev.Rul. 72–602, 1972–2 C.B. 511, which provides in pertinent part that "[i]f ... a cooperative does operate on a for-profit basis with its nonmembers then

in order for it to be considered a corporation 'operating on a cooperative basis' for purposes of section 1381(a)(2), it must do more than 50 percent in value, of its business with members." Plaintiff challenges the validity of Rev.Rul. 72–602.

## DISCUSSION

Observing that a long-standing congressional policy has favored the growth of farmers' cooperatives, *see, e.g., United States v. Rock Royal Cooperative Inc.*, 307 U.S. 533, 562–64, 59 S.Ct. 993, 1007–08, 83 L.Ed. 1446 (1939); *Farmers Cooperative Co.*, 86 F.Supp. at 211, defendant argues that section 1381(a) is to be construed as intended to further that policy. Based on this view of the purpose of section 1381(a), defendant urges that Rev.Rul. 72–602 is a reasonable interpretation of the statutory phrase "operating on a cooperative basis," because it selects "the point at which an organization becomes more profit-oriented than it is cooperative," Def's Mot. filed Jan. 11, 1985, at 27, as the place to draw the line between beneficiaries of the policy favoring cooperatives and entrepreneurial entities, which are denied special treatment.

The purpose of section 1381(a) has nothing to do with the policy of encouraging cooperatives. *See Conway County Farmers Ass'n v. United States*, 588 F.2d 592, 596 n. 11 (8th Cir.1978) (*"Conway"*). The allowance of a deduction for patronage dividends

has not been placed upon the ground that cooperatives are special creatures of statute under the tax laws, but is justified rather upon the theory that patronage dividends are in reality rebates on purchases or deferred payments on sales ...

Such term does not include any amount paid to a patron to the extent that (A) such amount is out of earnings other than from business done with or for patrons, or (B) such amount is out of earnings from business done with or for other patrons to whom no amounts are paid, or to whom smaller amounts are paid, with respect to substantially identical transactions.

---

**3.** I.R.C. § 1388(a) defines "patronage dividend" for purposes of subchapter T, as

    an amount paid to a patron by an organization to which part I of this subchapter applies—

        (1) on the basis of quantity or value of business done with or for such patron,

        \*     \*     \*     \*     \*

        (3) which is determined by reference to the net earnings of the organization from business done with or for its patrons.

and thus do not constitute taxable income to the cooperative.

*Farmers Cooperative Co.*, 86 F.Supp. at 213–14 (citations omitted) (cited in *St. Louis Bank for Cooperatives v. United States*, 224 Ct.Cl. 289, 294 n. 3, 624 F.2d 1041, 1044 n. 3 (1980)). " 'The theory is that the cooperative is merely a conduit ....' " or a trustee for the dividends, which " 'are at all times the property of the member stockholders.' " *Puget Sound Plywood, Inc.*, 44 T.C. at 319 (quoting *Dr. P. Phillips Cooperative v. Commissioner*, 17 T.C. 1002, 1010 (1951), and *Harbor Plywood Corporation v. Commissioner*, 14 T.C. 158, 161 (1950), and citing cases). The money involved never belongs to the cooperative. *Conway*, 588 F.2d at 596.

In *Conway* the Eighth Circuit held Rev. Rul. 72–602 to be an unreasonable interpretation of section 1381(a). Defendant urges that *Conway* was wrongly decided, arguing that the Eighth Circuit "did not consider whether Rev.Rul. 72–602 was a reasonable interpretation ... in light of the definition of cooperatives and the principles of operating on a cooperative basis enunciated in *Puget Sound Plywood, supra.*" Def's Mot. at 28. Instead, defendant says, the decision in *Conway* was based on the absence in section 1381(a) of a quantitative requirement such as appears in I.R.C. §§ 521 and 6072(d).[4]

On the contrary, *Conway* did discuss the reasonableness of Rev.Rul. 72–602 in light of the principles of operating a cooperative and reached the same conclusion as did the court in *Puget Sound.* There the Tax Court addressed itself to a revenue ruling to the effect that distributions by a non-exempt cooperative to its members were not patronage dividends excludable from the cooperative's income. The court found the ruling "unsupported by citation of any statutory provision or judicial authority; and ... out of harmony with the basic distinguishing principles of cooperative organizations generally," to wit, their character as "conduits" or "trustees." 44 T.C. at 322. Rev.Rul. 72–602 is merely an attempt to resurrect in altered form the same rule that was condemned in *Puget Sound.*[5] Invoking essentially the same theory relied on in *Puget Sound*, that the money involved never really belongs to the cooperative, 588 F.2d at 596, the *Conway* court rejected the Government's invitation to consider the policy behind the special tax treatment of cooperatives and so to read into section 1381(a)(2) a quantitative requirement similar to that in section 521(b)(4). *See* 588 F.2d at 596 n. 11.

▬▬ It is well settled that although revenue rulings may be helpful in interpreting a statute, they are not binding on the courts and do not have the effect of Treasury regulations. *E.g., Missouri Pa-*

---

**4.** Section 521(b), which provides for tax-exempt status for cooperatives meeting certain criteria, provides in part:

(4) ... Exemption shall not be denied any such association which markets the products of nonmembers in an amount the value of which does not exceed the value of the products marketed for members....

Section 6072(d) allows an extended filing date for

(2) an organization described in section 1381(a)(2) which is under an obligation to pay patronage dividends ... in an amount equal to at least 50 percent of its net earnings from business done with or for its patrons, or which paid patronage dividends in such an amount ... during the most recent taxable year....

**5.** Defendant inexplicably argues that section 521(b)(4) imposes a more stringent test than

Rev.Rul. 72–602, claiming that the latter requires only that 50 percent of the cooperative's business be done with patrons (both members and nonmembers), whereas section 521 requires that 50 percent of the business be done with members alone. The court is at a complete loss to find where Rev.Rul. 72–602 "refers" to "patronage business". Def's Mot. at 29.

In any event, defendant's argument that the court in *Conway* made " 'apples and oranges' comparisons" between the test imposed in Rev. Rul. 72–602 and those in sections 521 and 6072, ignoring "the purposes of the different quantitative requirements being compared," Def's Mot. at 35, misses the point of *Conway*, which is that Congress knows how to impose quantitative requirements when it wishes to do so. 588 F.2d at 598. There is no justification for reading the statute as though it read "operating primarily on a cooperative basis." *Id.*

*cific Truck Lines, Inc. v. United States,* 3 Cl.Ct. 14, 15 n. 2 (1983); *McMullan v. United States,* 231 Ct.Cl. 378, 385 n. 16, 686 F.2d 915, 920 n. 16 (1982); *Allstate Insurance Co. v. United States,* 209 Ct.Cl. 1, 11, 530 F.2d 378, 384 (1976). The persuasiveness of an administrative interpretation of a statute depends on " 'the validity of its reasoning' " and " 'the thoroughness evident in its consideration.' " *St. Louis Bank for Cooperatives,* 624 F.2d at 1051 (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed.2d 124 (1944)). Because the interpretation defendant puts in issue conflicts with the principles of cooperative organizations generally; with all precedents that have come to this court's attention; with sound rules of statutory construction, *see generally Conway;* and with the well-settled rule that doubt as to taxability should be resolved in the taxpayer's favor, *e.g., Western Electric Co. v. United States,* 215 Ct.Cl. 100, 124, 564 F.2d 53, 66 (1977), this court rejects it.[6]

CONCLUSION

Based on the foregoing,

Plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied.

Judgment shall enter for plaintiff in the amount of $2,130.56, together with interest as provided by law.

IT IS SO ORDERED.

Costs to the prevailing party. 28 U.S.C. § 2412(a) (1982); RUSCC 54(d).

---

**6.** Defendant makes the additional *in terrorem* arguments that, if the IRS did not draw the line somewhere, "basically entrepreneurial corporations could use nominal patronage dividends to bail out a portion of their earnings and profits tax free," Def's Mot. at 22, and that a "facts and circumstances" approach to differentiating cooperatives from corporations would cause confusion in the courts. Courts have had no difficulty in the past detecting ordinary corporate dividends masquerading in "cooperative camouflage." *See Mississippi Valley Portland Cement Co. v. United States,* 408 F.2d 827, 828 (5th Cir.), *cert. denied,* 395 U.S. 944, 89 S.Ct. 2015, 24 L.Ed.2d 462 (1969) (cited in *Conway,* 588 F.2d at 598, n. 14, in rejecting similar argument).