868 F.2d 420
 63 A.F.T.R.2d 89-1009, 89-1 USTC P 9245
 SHERRY FRONTENAC, INC., Estate of Samuel Cohen, Deceased,
Alan Cohen, Personal Representative, Estate of Ethel Cohen,
Deceased, Joel Cohen, Personal Representative, Irvin Kovens,
Jacqueline H. Kovens, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-5722
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 March 23, 1989.
 
 Harvey M. Silets, Silets and Martin, Ltd., Chicago, Ill., E. David Rosen, Rosen & Rosen, P.A., Miami, Fla., for plaintiffs-appellants.
 Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Gary R. Allen, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., William S. Rose, Asst. Atty. Gen., Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before HILL, FAY and EDMONDSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The judgment of the district court is affirmed for the reasons set forth in the Order Dismissing Causes With Prejudice entered on July 14, 1988, which we adopt and set forth in the appendix hereto.
 
 APPENDIX
 
 2
 Sherry Frontenac, Inc., Plaintiff,
 
 
 3
 vs.
 
 
 4
 United States of America, Defendant.
 
 
 5
 Estate of Samuel Cohen, Deceased, et al., Plaintiffs,
 
 
 6
 vs.
 
 
 7
 United States of America, Defendant.
 
 
 8
 Irvin and Jacqueline H. Kovens, Plaintiffs,
 
 
 9
 vs.
 
 
 10
 United States of America, Defendant.
 
 
 11
 Nos. 86-2374-CIV-HOEVELER to 86-2376-CIV-HOEVELER.
 
 
 12
 United States District Court S.D. Florida.
 
 
 13
 Filed June 14, 1988.
 
 ORDER DISMISSING CAUSES WITH PREJUDICE
 
 14
 THIS CAUSE came for consideration upon defendant, United States of America's motion to dismiss each of these consolidated actions. A court may not grant a motion to dismiss a complaint unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). The material allegations of the complaint are taken as true, and are liberally construed in plaintiff's favor. See, e.g., St. Joseph's Hosp. v. Hospital Corp. of America, 795 F.2d 948, 954 (11th Cir.1986).
 
 Background:
 
 15
 The instant litigation consists of three actions brought against the United States by Sherry Frontenac, Inc., Estate of Samuel Cohen, and Irvin and Jacqueline Kovens. Because each case presents the same issues, the cases were consolidated by previous order of the court. Each of the plaintiffs contend that the assessment of income tax deficiencies for various years in various amounts was barred by the applicable statute of limitations. The government has filed a motion to dismiss for failure to state a legally cognizable claim.
 
 
 16
 In each case, the Internal Revenue Service ("IRS") provided notice of a tax deficiency to each plaintiff, after which a federal income tax deficiency was assessed against the individual plaintiffs. In each instance, plaintiffs agreed to stipulated decision entered by the tax court finding the existence of a deficiency against all three taxpayers. The incontrovertible facts indicate that each of the assessments was made more than 60 days, and less than 150 days, after entry of the Tax Court decisions.
 
 Discussion:
 
 17
 There exist four main statutes which are essential to the resolution of these consolidated actions.
 
 
 18
 Section 6501(a) of the IRS Code, 26 U.S.C. Sec. 6501(a), provides a three year statute of limitations period in which the I.R.S. must assess any tax deficiency. However, Section 6503(a)(1) suspends the three year period of limitations on assessment until the decision of the Tax Court becomes final and for sixty days thereafter (emphasis added).
 
 
 19
 Section 7481 defines the date when the tax court decision becomes final for both reviewable and nonreviewable decisions. In the case of a reviewable decision, Section 7481(a) provides that if a timely appeal is not filed, the decision becomes final upon the expiration of the time for filing notice of appeal. In the case of a nonreviewable decision, Section 7481(b) provides that the decision becomes final upon the expiration of 90 days after the decision is entered.
 
 
 20
 Section 7483 defines the period in which an appeal to the Tax Court may be taken. This statute provides that the time for filing notice of appeal is within ninety days after the decision of the Tax Court is entered. If notice of appeal is not filed, then the Tax Court decision becomes final ninety days after it is entered.
 
 
 21
 Defendant, United States of America, contends that the assessments involved were timely under the applicable statutes. Defendant first submits that according to Sections 7481(a)(1) and 7483, Congress has defined the mechanism whereby the finality of a Tax Court decision is determined. The government claims that these statutes establish that a decision of the Tax Court for purposes of finality under Sections 6501(a) and 6503(a)(1) are actually final upon the expiration of 90 days after the Tax Court decision is entered in which no notice of appeal has been filed. Therefore, the government contends that, for the purpose of making an assessment in compliance with the statutory limits of the Code, the IRS is permitted 90 days from the date that the Tax Court decision is entered, in addition to 60 days thereafter (a total of 150 days after entry of decision) to make their assessment of deficiency. The government concludes that because its assessments in all three cases in question were made within 150 days from entry of the stipulated Tax Court decision, such assessments were timely and allowable and, therefore, this action should be dismissed in favor of the government.
 
 
 22
 Defendant also cites case law which it asserts is dispositive of the issue of when a tax court decision becomes final. First, the government claims that the Court in Security Industrial Insurance Co. v. United States, 830 F.2d 581 (5th Cir.1987) determined the issue of when a stipulated Tax Court decision becomes final under the aforementioned statutes. Defendant suggests that in Security Industrial the Fifth Circuit rejected plaintiff's argument that a stipulated tax court decision becomes final upon entry of decision and thus mandates assessment within 60 days from entry. This case further held that the fact that a stipulated tax court decision may be unreviewable by appeal does not necessarily mean that the decision is not a "reviewable decision" within the meaning of Section 7481(a). Security Industrial, 830 F.2d at 585.
 
 
 23
 Plaintiffs submit two main arguments in support of their position that the IRS's assessment and collection of the deficiencies in question were barred by the applicable statute of limitations. Plaintiffs first rely on a waiver clause in the stipulated tax court decision, which stated that "upon entry of the Tax Court decision, [Plaintiffs] waive the restrictions in Section 6213(a) of the I.R.S. Code prohibiting assessment and collection of the deficiency until the decision of the Tax Court becomes final." Section 6213(a) provides that, within 90 days "after the notice of deficiency" by the IRS, the taxpayer may file a petition with the Tax Court for a "redetermination" of the deficiency. This statute also allows for waiver by the taxpayer of the restrictions in Sec. 6213(a). See 26 U.S.C. Sec. 6213(d). Plaintiffs argue that since the taxpayers waived the restrictions under Section 6213(a) through the waiver clause in the stipulated decision, the tax court's decision became final upon the passing of 60 days after its entry, and because the I.R.S. made their assessments after that time in each case, such assessments were precluded by Section 6503(a)(1).
 
 
 24
 Secondly, plaintiffs assert that the tax court's stipulated decision became final upon its entry because there was no right to appeal that decision. Plaintiffs claim that Security Industrial never decided the issue of when a tax court decision becomes final in the case of a non-appealable stipulated tax court decision. Plaintiffs' position is that because the taxpayers have waived their right to appeal by entering into a stipulated decision and because the Security Industrial decision did not decide the finality of a stipulated tax court decision per se, the stipulated decision became final upon its entry by the tax court and, under Section 6503(a)(1), timely assessment of taxes against Plaintiffs must have been made within 60 days of the entry of that decision.
 
 
 25
 The main issue for consideration by the Court is whether the stipulated tax court decisions in these cases are final orders, which eliminate the 90 day appeal period and thereby require the IRS to assess within 60 days after entry of the tax court decisions.
 
 
 26
 Plaintiffs strongly rely on the waiver of the conditions in Section 6213(a) of the IRS Code as determinative of the fact that such a waiver removes the 90 day "appeal" period provided in Sections 7481(a) and 7483. However, Plaintiffs' reliance on the effect of the waiver clauses is misplaced. The restrictions in Section 6213(a) concern the Plaintiffs' right to file a petition for a "redetermination of the deficiency" and not the appealability of a tax court decision, which is governed by Sections 7481(a) and 7483. Section 6213 involves a taxpayer's right to a redetermination of the IRS's notice of deficiency within 90 days of such notice. The practical effect of the stipulated waiver clauses in each of these cases is to do away with the restriction placed on the IRS that within 90 days "after the notice of deficiency" they may not assess and collect the deficiencies. A waiver of the restrictions on the IRS to not assess within this 90 day period is not germane to a waiver of the 90 day appeal period under Sections 7481(a) and 7483 of the IRS Code, which govern whether the stipulated tax court decisions in these cases were final orders. As such, the waiver of the 90 day period for redetermination of the deficiency has no effect on the issue of whether or not the 90 day appeal period is applicable to the instant cases.
 
 
 27
 Plaintiffs second argument is that the 90 day appeal period provided in Sections 7481(a) and 7483 is inapplicable to a case where there is a stipulated settlement, which effectively transforms the tax court's judgment into a "final and non-appealable" judgment. While permitting the IRS the 90 days for purposes of allowing Plaintiffs to file an appeal may be an act of futility, "the question to consider is whether the policy Plaintiffs favor is in accord with Congressional intent." Badaracco v. Commissioner of Internal Revenue Service, 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984). Indeed, "when courts construe limitation statutes barring the collection of taxes 'otherwise due,' they must be strictly constructed in favor of the government." Id., at 398, 104 S.Ct. at 764.
 
 
 28
 Plaintiffs' position appears to be contrary to the Fifth Circuit's holding in Security Industrial, in which the court held that the unreviewable status of a stipulated decision does not remove it from the class of "reviewable decisions" under Section 7481(a). Security Industrial, 830 F.2d at 585. The court went on to hold that "even an unappealable and thus legally unreviewable Tax Court decision is a 'reviewable decision' within the meaning of Sec. 7481(a). Id. at 586. Moreover, in a virtually identical case to the case at bar, the court in Becker Brothers v. United States of America, Case Nos. 85-1085, 85-1086, 85-1087, 1088 (Order of February 3, 1988), held that the express language of Sections 6503, 7481 and 7483 allows the IRS 90 days from the date the tax court decision is entered, in addition to 60 days from the expiration of the 90 day period, to assess the tax due from the taxpayer. Based on these cases as well as the court's independent analysis of the applicable statutes, the court holds that the stipulated tax court decisions in these cases are "reviewable decisions" under Section 7481(a) and are thus final 90 days after the tax court decision is entered. Accordingly, the assessment by the IRS in each of these cases was timely since they took place within 150 days after entry of the tax court decision. As such, it is
 
 
 29
 ORDERED AND ADJUDGED that defendant's motion to dismiss be GRANTED with prejudice.
 
 
 30
 DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of June, 1988.
 
 
 31
 (s) Wm. M. Hoeveler
 
 United States District Judge