**Joseph and Stephanie PESKO, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 410–89T.**

United States Claims Court.

March 9, 1990.

Stephen C. Gilbert, Morristown, N.J., for plaintiffs.

G. Robson Stewart, with whom were Asst. Atty. Gen. Shirley D. Peterson, Mildred L. Seidman, and Gerald B. Leedom, Washington, D.C., for defendant.

## OPINION

BRUGGINK, Judge.

The issue presented by this action is whether the Internal Revenue Service ("IRS") timely assessed plaintiffs for their 1970 income tax deficiency. The matter is before the court on defendant's motion to dismiss and plaintiffs' motion for summary judgment. After consideration of the record, the parties' argument, and the applicable law, defendant's motion is granted.

---

## BACKGROUND FACTS

The relevant facts are undisputed. On or about April 15, 1971 the Peskos timely filed a joint tax return for the 1970 calendar year. The Peskos executed a series of consents to extensions of time for the IRS to make an assessment. The assessment period was to expire on December 31, 1975. On December 24, 1975, the IRS notified the Peskos of an asserted deficiency for the 1970 tax year. A timely petition was filed with the Tax Court on March 22, 1976. The parties eventually agreed to have the Tax Court enter a decision in accordance with the terms of a settlement of that dispute. Under the terms of the stipulation, the parties agreed that the Pesko's income tax deficiency for 1970 was $6,386.23. The Tax Court decision was entered on April 29, 1985. As part of the decision, the following was included: "It is further stipulated that, effective upon the entry of the decision by the Court, [the Peskos] waive the restriction contained in Internal Revenue Code ('I.R.C.')" § 6213(a) prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court has become final."

On October 4, 1985, the IRS sent a notice of assessment to the Peskos. It reflects an assessment date of September 24, 1985. The lapse between the Tax Court decision and the date of assessment was 148 days. The total amount of the assessment was $17,512.32 (representing the stipulated tax liability for 1970, plus accumulated interest in the amount of $11,126.09). The Peskos paid that amount, and subsequently filed a claim for a refund in this court.

## DISCUSSION

The Peskos do not dispute the merits of the underlying assessment. Rather, they contend that the time period within which the assessment had to be made expired before the assessment was made, and that the IRS is therefore barred from asserting the existence of the liability. A number of

statutory provisions are relevant. Under I.R.C. § 6501(a) (1982), the IRS must commence an assessment within three years of the time the return was filed. A number of events can trigger a tolling of the period during which the IRS must commence assessment. One that is relevant in this action is the filing of a petition in the Tax Court:

> The running of the period of limitations provided in section 6501 ... shall ... be suspended for the period during which the Secretary is prohibited from making the assessment ... (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

I.R.C. § 6503(a)(1).

The finality date of a decision of the Tax Court is normally controlled by I.R.C. § 7481. That section provides,[1] in part, the following:

> (a) Reviewable decisions.—Except as provided in subsection (b), the decision of the Tax Court shall become final—
>> (1) Timely notice of appeal not filed. —Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time; ...

An appeal must be brought within 90 days from a decision of the Tax Court. I.R.C. § 7483. No appeal was taken from the decision in this dispute. Consequently, if the finality date in the case at bar is determined under the above provision, the Tax Court decision became final on July 29, 1985, 90 days after April 29, 1985 (excluding weekend days as the final date). Because the limitations period continues to be tolled for an additional 60 days after finality, that period would not begin running again until September 28, 1985. Whatever time period left to the IRS under the original three year limitations period would then be added on. (In this case, seven days.) If the finality date for purposes of calculating timeliness is in fact July 29, the assessment

---

1. Reference is to the section as it appeared in 1985. Section 7481 was amended in 1988 in a manner not relevant to the discussion.

in this case would be timely, because it came within 60 days of that date.

The Peskos question the applicability of the quoted portion of § 7481, however, in view of the fact that the decision of the Tax Court was based upon a stipulation. The Peskos argue that the effect of the stipulation was to make the decision final upon its entry, i.e., on April 29, 1985. They contend that the 60 day tolling period available to the IRS under § 6503(a)(1) would begin to run immediately upon entry of the decision. If that were the case, the assessment would have been untimely. In this regard, the Peskos point to I.R.C. § 6213(a), the applicability of which was specifically waived by them in the settlement. In relevant part it provides as follows:

(a) Time for filing petition and restriction on assessment.—Within 90 days ... after the notice of deficiency authorized in section 6212 is mailed ... the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided ... no assessment of a deficiency in respect of any tax imposed ... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90–day ... period ... nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.

I.R.C. § 6213(a). Under normal circumstances, the combined effect of this provision and of § 6503(a)(1) is that the IRS cannot initiate assessment proceedings until 90 days after the date of the Tax Court decision, but it does not have to initiate such proceedings until the expiration of at least 150 days after the decision.[2]

■ The Peskos contend that when they waived their right, under § 6213(a), to be immune from assessment proceedings for 90 days after the Tax Court decision, that

waiver had the simultaneous effect of requiring the IRS to commence the assessment within 60 days. In other words, it is their position that the normal 90 day period for delay of finality does not apply in view of the stipulated settlement.

The Peskos have two principle arguments. The first is that it is clear from the waiver language that the parties intended that "the other restrictions of § 6213(a), specifically, the finality of a Tax Court Decision, [were also] waived for purposes of measuring the assessment period." Plaintiffs' Brief of December 21, 1989, pp. 8–9. This argument is without merit. Initially, the court observes that the language of the waiver does not purport to affect anything other than the Pesko's rights. Simply because they relinquished their right to insist on immunity from assessment during what would otherwise be a minimum delay period of 90 days, it does not follow that the IRS agreed to waive its right to a minimum tolling period of 150 days. The rights and obligations created by §§ 6503(a)(1) and 6213(a), while related, are distinct. The right of the IRS to delay assessment until 60 days after finality arises from § 6503(a)(1) (in conjunction with § 7481(a)(1)), not from § 6213(a). It was only the latter that was mentioned in the waiver.

The precise issue of the effect, in a stipulated decision, of a waiver by a taxpayer of the 90 day immunity period afforded by § 6213(a) was addressed in *Sherry Frontenac, Inc. v. United States*, 868 F.2d 420 (11th Cir.1989). The Eleventh Circuit adopted the opinion of the district court upholding the Commissioner's position that the waiver had no impact on the availability to the IRS of the entire 150 day tolling period. While not binding on this court, the analysis of the district court is persuasive. As recited there:

That notice also had the effect of tolling the limitations period. IRC § 6503(a). The amount of time left from the original three year limitations period is short enough, in any event, that the outcome here turns exclusively on the issue resolved in the text.

---

**2.** The actual number of days in excess of 150 days depends on the time remaining to the IRS from the underlying three year limitations period. Apparently there were seven days remaining to the IRS out of the three year limitations period when the notice of deficiency was filed.

A waiver of the restrictions on the IRS to not assess within this 90 day period is not germane to a waiver of the 90 day appeal period under Sections 7481(a) and 7483 of the IRS Code, which govern whether the stipulated tax court decisions in these cases were final orders.

868 F.2d at 423.

This result is consistent with the decision of the Court of Claims in *Ramirez v. United States,* 210 Ct.Cl. 537, 538 F.2d 888, *cert. denied,* 429 U.S. 1024, 97 S.Ct. 642, 50 L.Ed.2d 625 (1976). In that case, the taxpayer and the IRS had executed an agreement to extend the period during which a timely assessment could be made to a date certain, with the proviso that if, in the interim a notice of deficiency were sent, the time for making the assessment would be extended by the number of days "during which an assessment is prohibited and for sixty days thereafter." 210 Ct.Cl. at 539; 538 F.2d at 889 (citation omitted). There was no Tax Court proceeding involved. A notice of deficiency was sent. An initial question for the court was whether the entire 150 day tolling period contemplated by §§ 6213(a) and 6503(a)(1) was available to the IRS. The court held that it was. Although the court found that the waiver was drafted with that result in mind, it held that the same result would have been reached based on the normal operation of § 6503, independent of any stipulation pursuant to § 6213. 210 Ct.Cl. at 546, 538 F.2d at 893.

■ The second argument raised by the Peskos is that the finality date of a Tax Court decision is altered by the fact that the decision is the result of a stipulated settlement. The court concludes that the finality date is unaffected; that the IRS is entitled to the entire 150 day tolling period, even if the Tax Court decision is the result of a settlement.

■ There is no question that upon stipulating to entry of a decision by the Tax Court, the parties gave up their right to appeal the decision. *See Security Indus. Ins. Co. v. United States,* 830 F.2d 581, 584 (5th Cir.1987); *White v. Commissioner of Internal Revenue,* 776 F.2d 976, 977 (11th Cir.1985). A surface reading of § 7481, dealing with when decisions of the Tax Court become final, might suggest that no provision is made for the present circumstance. That section, in relevant measure, divides cases into only two categories: (a) reviewable decisions; and (b) nonreviewable decisions. The second category plainly has no bearing on the present case.[3] It deals with a limited category of small cases transferred to a special docket. The question of whether the first category of cases captures decisions based on stipulated settlements was dealt with in *Security Indus.,* 830 F.2d 581. There the Fifth Circuit was faced with virtually the identical question posed in the present action. In arriving at a result favorable to the IRS, the court first concluded that § 7481(a)(1) ("Reviewable decisions") applies to cases such as the one at bar. Without repeating the analysis of that court, it is sufficient to say that the court's analysis of § 7481, both in terms of its parsing of the words of the statute and of the practical reasons to reject the taxpayers' views, is compelling and is adopted here. To the same effect are the decisions of the Eleventh Circuit in *Sherry Frontenac, Inc.,* 868 F.2d at 423–24 (citing *Security Indus.,* 830 F.2d 581), and of the District Court for the Central District of Illinois in *Becker Bros., Inc. v. United States,* 61 AFTR2d 88–1147, 1988 WL 75234 (1988).[4]

Plaintiffs point to Revenue Ruling 66–17, 1966–1 C.B. 272 as support for their position. The circumstances discussed in that ruling are similar to those here with one crucial difference. In the facts posited in the ruling, there had been no review by the

3. Plaintiffs would only be aided, in any event, if § 7481 were completely inapplicable, since the finality date for both reviewable and non-reviewable cases is the same—90 days after the decision.

4. Plaintiffs point to the decisions in *United States v. Shepard,* 196 F.Supp. 281 (N.D.N.Y. 1961), and *Elizalde v. Commissioner,* 48 TCM 28 (1984), as support. While the holdings in those decisions are consistent with plaintiffs' argu-

Tax Court.[5] The taxpayer had waived immunity from assessment proceedings during the 90 day period after the notice of deficiency. The issue posed in the ruling is whether the waiver had the effect of eliminating the 90–day tolling period of § 6503(a). The ruling concludes that "a valid waiver ... has the effect of terminating the running of such 90–day period and starting the running of the 60–day period provided by section 6503(a) of the Code on the date it is filed." As defendant points out, however, the absence of a Tax Court proceeding is highly relevant. Section 6503(a)(1) specifically provides that the time period for making the assessment is suspended "in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final." For the Peskos to prevail in the case at bar, that language in § 6503(a)(1) would have to be ignored. The language is plain enough, however, that no exception should be implied merely because the taxpayers waived rights under a different code provision.

Stipulated decisions are therefore subject to the terms of § 7481(a)(1). Such decisions become final for purposes of that section and for purposes of § 6503(a)(1) on the passage of 90 days from the date the decision is entered.

## CONCLUSION
The Clerk is directed to dismiss the complaint.

---

ment here, it does not appear that the relevant question was a contested issue.

**5.** While plaintiffs correctly point that the Revenue Ruling is captioned "Section 6213—Restrictions Applicable to Deficiencies; Petition to Tax Court," that phrase is a direct reference to the title of that code section. Although there are portions of § 6213 applicable to Tax Court petitions, the ruling makes no reference to a peti-

tion. In any event, the Revenue Ruling is not binding on the court. It is merely entitled to some consideration and weight, particularly if the statutory language is seen as ambiguous. *Pacific Far East Line, Inc. v. United States,* 211 Ct.Cl. 71, 93, 544 F.2d 478, 490 (1976); *Columbus Fruit and Vegetable Co-op Ass'n v. United States,* 7 Cl.Ct. 561, 564 (1985). In the court's view, the language is not ambiguous.