**Joseph PESKO and Stephanie Pesko, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 90–5083.**

United States Court of Appeals, Federal Circuit.

Nov. 15, 1990.

Stephen C. Gilbert, Gilbert, Gilbert & Schlossberg, of Morristown, N.J., argued for plaintiffs-appellants. With him on the brief was Judith E. Stein, New York City, of counsel.

Robert C. Pomerance, Tax Div., Dept. of Justice, of Washington, D.C., argued for defendant-appellee. With him on the brief were Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Mary Frances Clark and Joan I. Oppenheimer.

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The question in this tax-refund case, here on appeal from the United States Claims Court, is whether the appellants' waiver of the statutory prohibition against the Commissioner of Internal Revenue's assessing a tax until the decision of the United States Tax Court has become final (90 days after the entry of such decision), which they executed in connection with a stipulated decision of the Tax Court determining the appellants' tax deficiency, made the Tax Court's decision final upon entry. If the decision was final, the Commissioner's assessment of the tax deficiency determined by the Tax Court decision was untimely. The Claims Court held that the tax assessment was timely. We affirm.

I

The facts are undisputed. In December 1975, the Internal Revenue Service sent the appellants a notice of deficiency in their federal income tax for 1970. In March 1976, the appellants filed in the Tax Court a timely petition to redetermine the assert-

---

ed deficiency. The parties settled the dispute and agreed that the Tax Court should enter a decision in accordance with the settlement.

On April 29, 1985, the Tax Court entered a stipulated decision determining that the appellants owed a deficiency of $6,386.23 in their 1970 income tax. The Tax Court's decision also stated:

It is further stipulated that, effective upon the entry of the decision by the Court, petitioners waive the restriction contained in [I.R.C. § 6213(a) ] prohibiting assessment and collection of the deficiencies (plus statutory interest) until the decision of the Tax Court has become final.

On September 24, 1985, 148 days after the decision of the Tax Court, the Commissioner assessed the $6,386.23 deficiency determined by the Tax Court decision plus interest of $11,126.09, or a total of $17,-512.32. The appellants paid that amount, filed a refund claim with the Internal Revenue Service and, after the Internal Revenue Service failed to act upon the claim within six months, filed the present suit in the Claims Court. They sought a refund of the $17,512.32 they had paid, on the ground that the assessment was untimely.

On cross-motions for summary judgment, the Claims Court denied the appellants' motion, granted the government's motion, and dismissed the complaint. The appellants contended that their waiver of the 90–day period within which the Commissioner was precluded from assessing the tax made the Tax Court decision effective upon its entry, and that the assessment was untimely because not made within the 60–day statutory ·period (after the Tax Court decision became final) for making an assessment. The Claims Court rejected this contention. It held that the waiver did not make the Tax Court decision final upon entry, that the Commissioner had 150 days from the entry of the Tax Court decision to make the assessment (90 days until the Tax Court decision became final and 60 days thereafter), and that the assessment, made 148 days after the Tax Court decision, therefore was timely.

## II

The appellants' sole contention is that their waiver of the prohibition upon the Commissioner's assessment of the tax for 90 days after the Tax Court's decision made the latter decision effective upon entry, so that the Commissioner's 60 days within which to assess the tax began to run on that date. The answer involves several interrelated provisions of the Internal Revenue Code that control both the period within which the Commissioner may make an assessment and the period of limitations beyond which he may not do so. Since the 1954 Internal Revenue Code, as amended, governs the period involved in this case, all citations are to that edition of the Code.

Section 6501(a) provides that any tax assessment must be made within three years after the return was filed. Section 6503(a)(1) states that the running of the period of limitations on making assessments

shall (after the mailing of a notice [of deficiency] under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

I.R.C. § 6503(a)(1) (1982).

The effect of this provision is to extend the Commissioner's time for making an assessment in a case before the Tax Court for 60 days after the Tax Court's decision becomes final.

Section 6213 provides that no assessment of a tax or attempt to collect it may be made for 90 days after a notice of deficiency has been sent to a domestic taxpayer, that being the time within which the taxpayer may file in the Tax Court a petition to redetermine the deficiency. If a petition is filed, the bar on assessment continues "until the decision of the Tax Court has become final." I.R.C. § 6213(a). Section

7481(a)(1) provides that a Tax Court decision becomes final "(1) ... [u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time," and section 7483 provides that a notice of appeal from a Tax Court decision must be filed "within 90 days after the decision of the Tax Court is entered." I.R.C. §§ 7481(a)(1) & 7483.

On their face, these provisions show that the Commissioner's assessment in this case was timely. Under the "in any event" language of section 6503(a)(1), the Commissioner was authorized to assess within 60 days after the Tax Court decision in this case became final. That decision became final 90 days after its entry, when the appellants did not file a notice of appeal. The Commissioner thus had 150 days from the entry of the Tax Court's decision within which to make the assessment. Since he made the assessment on the 148th day, the assessment was timely. *Security Indus. Ins. Co. v. United States*, 830 F.2d 581 (5th Cir.1987) (stipulated decision of Tax Court becomes "final" for purposes of section 6503(a) 90 days after entry); *Becker Bros. v. United States*, 61 A.F.T.R.2d (P–H) 88–1147, 1988 WL 75234 (C.D.Ill.1988) (same).

The appellants' waiver of the prohibition upon assessment and collection of the deficiency until the Tax Court decision "has become final" did not make the decision final upon its entry. The purpose and sole effect of the waiver was to authorize the Commissioner to assess the deficiency immediately upon the entry of the Tax Court's decision without waiting until the decision became final 90 days later. The waiver, however, did not change the date upon which the Tax Court decision became final, and therefore did not require the Commissioner to make an assessment within 60 days of the Tax Court decision.

The Eleventh Circuit so held in *Sherry Frontenac, Inc. v. United States*, 868 F.2d 420 (11th Cir.1989). There, as in the present case, the Tax Court litigation was settled by a stipulated decision that included a waiver substantially identical to the waiver in this case. The Commissioner assessed the deficiency more than 60, but less than 150, days after the Tax Court decision. The court held that the assessment was timely. It adopted the decision of the district court, which stated:

> The practical effect of the stipulated waiver clauses in each of these cases is to do away with the restriction placed on the IRS that within 90 days "after the notice of deficiency" they may not assess and collect the deficiencies. A waiver of the restrictions on the IRS to not assess within this 90 day period is not germane to a waiver of the 90 day appeal period under Sections 7481(a) and 7483 of the IRS Code, which govern whether the stipulated tax court decisions in these cases were final orders. As such, the waiver of the 90 day period for redetermination of the deficiency has no effect on the issue of whether or not the 90 day appeal period is applicable to the instant cases.

*Id.* at 423.

Although the appellants describe this case (as well as *Security Indus.* and *Becker Bros.*, cited above) as "wrongly decided" and urge us not to follow it, we find its reasoning not only persuasive but compelling. We see no reason not to follow it.

The appellants rely on *United States v. Shepard*, 319 F.2d 699 (2d Cir.1963) and *Elizalde v. Commissioner*, 48 T.C.M. (CCH) 28 (Tax Ct.1984). Neither case is convincing authority for their position.

The statement they rely on in *Shepard*—"the filing of the taxpayer's petition in the Tax Court on May 7, 1951, tolled the running of the limitations period from March 14, 1951 until sixty days after the decision of the Tax Court on August 28, 1952" (319 F.2d at 700)—was dictum and was made without any analysis or discussion of the statutory provisions.

In *Elizalde*, the question was whether the Commissioner timely had asserted a transferee liability based upon a tax deficiency asserted against the petitioner's father, Daniel. Daniel and his wife, Mary, had challenged the deficiency in an earlier Tax Court suit. The Tax Court suit was settled in a stipulated decision, which included a waiver of the restriction against

assessment in section 6213(a). The Tax Court stated in *Elizalde* that the filing of the Tax Court petition "suspended the period of limitations on assessment against Daniel, the transferor, until ... 60 days after the Tax Court's decision against Daniel became final. Sec. 6503(a)(1)," and that the waiver rendered the Tax Court decision final on the date of entry. 48 T.C.M. at 35 (foot-notes omitted). As in *Shepard,* however, these statements were made without any discussion or analysis of the statutory provisions. For the reasons given in this opinion, we find them unconvincing and decline to follow them.

Appellants also rely on Rev.Rul. 66–17, 1966–1 C.B. 272. There the Commissioner sent the taxpayers a notice of deficiency, which triggered the running of the 90–day prohibition upon assessment. The taxpayers promptly filed a waiver of the restriction on assessment. The Commissioner ruled that a waiver "which is filed within the 90–day period of suspension provided by sections 6213(a) and 6503(a)(1) of the Code, has the effect of terminating the running of such 90–day period and starting the running of the 60–day period provided by section 6503(a) of the Code on the date it is filed." *Id.* at 274.

The ruling does not cover the present case, because there no Tax Court case had been filed. There was therefore no question about the date when the Tax Court decision became final which, under the provisions involved in the present case, triggered the running of the 60–day period for making an assessment. Moreover, for the reasons given in this opinion, we reject the appellants' suggestion that that ruling should be extended by analogy to the present case.

The appellants state that "in three unrelated cases where the Service had agreed to a stipulated Tax Court decision containing the same waiver as at issue in the instant matter, the taxpayers were assessed within 60 days of the entry of the Tax Court decision." That fact, however, does not establish that the Commissioner was required to have done so, or establish a settled administrative interpretation of the statutes to which we should give some deference. It shows only that, in those three cases, the Commissioner acted sooner than he did in the present case. As we hold, the statutes required him only to make the assessment within 150 days after the Tax Court decision was entered. He did precisely that, and the assessment was timely.

At oral argument, the appellants framed their argument somewhat differently. Their argument, as we understand it, is as follows: Section 6503(a)(1) suspends the Commissioner's authority to make an assessment "for the period during which [he] is prohibited from making the assessment ... and for 60 days thereafter." The appellants' waiver of section 6213(a)'s restrictions on assessment meant that the Commissioner no longer was prohibited from making the assessment. Under section 6503(a)(1), the Commissioner had only 60 days from the waiver to make the assessment.

There are two fatal flaws in this argument. First, it ignores the parenthetical language in section 6503(a)(1) which, after stating that the limitations period upon assessment is suspended during the period in which the Commissioner is prohibited from making the assessment, provides: "... (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final)...." I.R.C. § 6503(a)(1). This language means that regardless of whether the Commissioner otherwise is prohibited from assessing a deficiency, once a petition is filed with the Tax Court, the limitations period is suspended until the decision of that court becomes final (i.e., 90 days after entry of judgment). The words "and in any event" indicate that this suspension of the limitations period is separate from the previous suspension for the period during which the Commissioner is prohibited from making an assessment. Congress thus has determined that once a case is filed with the Tax Court, the Commissioner cannot make an assessment until the Tax Court decision becomes final (90 days after entry), and then has 60 days within which to assess.

Second, the appellants' waiver of section 6213(a)'s restrictions on assessment did not affect the operation of section 6503(a)(1). As the Claims Court properly noted:

> The rights and obligations created by §§ 6503(a)(1) and 6213(a), while related, are distinct. The right of the IRS to delay assessment until 60 days after finality arises from § 6503(a)(1) (in conjunction with § 7481(a)(1)), not from § 6213(a). It was only the latter that was mentioned in the waiver.

*Pesko v. United States*, 19 Cl.Ct. 687, 689 (1990).

Finally, the appellants contend that the Commissioner's assessment of the tax 148 days after the decision of the Tax Court was entered resulted in unfair treatment of them and violated "general standards of decency." The question, however, is whether the Commissioner complied with the statutory provisions in making the assessment. We have held that he did. It is difficult to comprehend how the Commissioner's action, taken in accordance with the statute, could constitute unfair treatment of a taxpayer or violate "general standards of decency."

If fairness and decency are to be considered, however, the appellants' position hardly calls for sympathy. They are seeking an interpretation of the statutory provisions that would enable them to avoid a tax liability they stipulated to in the Tax Court. When they entered into the stipulation, they surely knew that the Commissioner in due course would assess the tax deficiency and seek to collect it. If there were any unfair conduct in this case—and we do not think there is—it was that of the appellants in seeking to avoid their admitted tax liability to the United States.

## CONCLUSION

The judgment of the United States Claims Court dismissing the complaint is

AFFIRMED.