**Jonathan B. COLE; Judith M. Cole, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 87–6016.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1988.

Decided Dec. 14, 1988.

---

**1.** The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Joseph F. Moore, Bigelow, Moore & Tyre, Pasadena, Cal., for plaintiffs-appellants.

James B. Mann, James H. Love, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before HUG, FLETCHER and FARRIS, Circuit Judges.

PER CURIAM:

Jonathan and Judith Cole appeal the district court's dismissal of their tax refund suit for failure to state a claim. The district court rejected the Coles' contention that the IRS tax assessment was time barred. We affirm.

The Coles and the IRS entered into an extension agreement (IRS Form 872–R) giving the IRS until December 31, 1983 to assess a tax for the 1978 tax year. The agreement also provided:

> However, we are prohibited from making an assessment while a notice of deficiency in tax is in effect. Consequently, if a notice of deficiency for any such period is sent to the taxpayer(s) on or before [December 31, 1983], then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

On September 28, 1983, the IRS sent a notice of deficiency to the Coles. The Coles then petitioned the Tax Court for relief. The Tax Court entered a decision in favor of the IRS on December 28, 1984, and the decision became final on March 28, 1985. *See* 26 U.S.C. § 7483 (providing for a 90 day period in which to petition for review of a Tax Court decision); 26 U.S.C. § 7481(a) (Tax Court decision becomes final at the expiration of the statutory period for filing a petition for review). The IRS assessed a deficiency on May 13, 1985, 46 days after the decision became final.

■ The district court dismissed the suit because it concluded that the IRS assessment was timely. We review dismissal of a suit for failure to state a claim de novo. *Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547, 552 (9th Cir.1984).

■ Under the terms of the extension agreement, the IRS was entitled to send a notice of deficiency as late as December 31, 1983. The September 28, 1983 notice was therefore timely. Because the Coles petitioned the Tax Court, the statute of limitations was tolled until May 27, 1985, 60 days after the date on which the Tax Court decision became final. *See* 26 U.S.C. § 6213(a) (if taxpayer petitions Tax Court for relief, IRS is prohibited from making an assessment until the Tax Court decision has become final); 26 U.S.C. § 6503(a)(1) (statute of limitations on assessments is "suspended for the period during which the Secretary is prohibited from making the assessment ... and for 60 days thereafter").

The Coles claim that the § 6213(a) prohibition period is inapplicable in this case because they expressly waived any right they had to prohibit an assessment until the decision became final. In other words, they contend the 90–day period following the Tax Court decision was not a period in which the Government was "prohibited from making the assessment." The Coles' argument has some intuitive appeal. However, the statute of limitations, which bars the collection of taxes owed the IRS, is strictly and narrowly read. Unless the tax-

payer, in addition to consenting to the premature assessment, conditions the consent on the IRS waiving its right to assess taxes for the full statutory period allowed it, the IRS is not foreclosed from assessing the tax deficiency at any time up until the final allowable date. The Coles did not request or receive such a waiver. *Compare Kinsey v. C.I.R.*, 859 F.2d 1361, 1363–64 (9th Cir.1988).[1] The Coles may have expected the IRS to forego its right to assess on the last possible date in return for their waiver. But taxpayers have an obligation to be "clear and specific" in making demands to the IRS. *Tapper v. C.I.R.*, 766 F.2d 401, 404 (9th Cir.1985) (suggesting that this obligation is reasonable).

We hold that the statute of limitations is tolled for 150 days following the entry of the Tax Court decision—90 days for an appeal plus 60 days for assessment. This is in accord with the statutory scheme. *See Meridian Wood Products Co., Inc. v. United States*, 725 F.2d 1183, 1187 (9th Cir.1984).

We do not adopt the tentative ruling of the district court, which reached its result by tacking on to the 60 day assessment period the 94 days remaining in the extension agreement at the time the deficiency notice was issued. We may use different reasoning to affirm a correct legal conclusion by the district court. *Bruce v. United States*, 759 F.2d 755, 758 (9th Cir.1985).

AFFIRMED.

---

1. In rejecting the taxpayer's claim that the deficiency notice was untimely, our court held that "[t]he mere representation in the ... [IRS's] letter that, if the taxpayer did not respond within 30 days the Service would 'process' their case is in no way a promise to issue a deficiency notice within any particular period. [T]he letter itself did not promise that a deficiency would be sent by any particular date...."