**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Joseph H. HANS, Defendant-Appellee.**

No. 90-3042.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs Aug. 21, 1990.

Decided Dec. 14, 1990.

Albert Ritcher, Office of the U.S. Atty., Columbus, Ohio, Gary R. Allen, Acting Chief, Richard Farber, Kimberly S. Stanley, U.S. Dept. of Justice, Appellate Section Tax Div., Henry J. Riordan, Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Joseph H. Hans, Columbus, Ohio, for defendant-appellee.

Before JONES and RYAN, Circuit Judges, and WISEMAN, District Judge.*

RYAN, Circuit Judge.

In this action to reduce to judgment federal income tax assessments made against taxpayer Joseph H. Hans, the district court denied in part the government's motion for summary judgment against taxpayer Hans, on the ground that the statute of limitations had run with respect to one of the government's claims.

■ The issue on appeal is whether a decision of the tax court becomes "final" within the meaning of I.R.C. § 6503(a) on 1) the date the decision is entered, or 2) the last date that the taxpayer could notice a timely appeal from the decision. We hold that a tax court decision becomes final for purposes of I.R.C. § 6503(a) on the last date for timely appeal, and therefore must reverse.

### I.

Defendant Joseph H. Hans filed his income tax return for the tax year 1975 on or

---

* The Honorable Thomas A. Wiseman, Jr., Chief Judge of the United States District Court for the Middle District of Tennessee, sitting by designation.

before April 15, 1976. The Internal Revenue Service (IRS) sent Hans a notice of tax deficiency for the 1975 tax year on March 29, 1979. Hans decided to contest the deficiency and filed a petition with the United States Tax Court on June 25, 1979. The tax court found a deficiency of $36,023 and entered its judgment against Hans on November 20, 1984. Hans did not appeal. Pursuant to the tax court's decision, the government on March 22, 1985, notified Hans of an assessment that it had made for the unpaid taxes and demanded payment. Hans still refused to pay.

The government then brought this action in district court to reduce to judgment the income tax assessment for 1975 and other years. The government's motion for summary judgment was granted with respect to assessments for some years but not with respect to the assessment for 1975. The court held that the statute of limitations barred the 1975 assessment.

After denying the government's motion for reconsideration, the court entered final judgment, from which the government appeals.

## II.

The government does not dispute the district court's conclusion that the limitations period for filing a tax assessment runs for a period of three years from the date the tax return was filed. *See* I.R.C. § 6501(a). Neither does the government dispute the district court's conclusion that the statute of limitations was tolled from the time the IRS issued the deficiency notice to Hans until 60 days after the decision of the tax court became final. *See* I.R.C. § 6503(a). Thus, since there were 17 days remaining in the original three-year limitations period when the IRS issued the deficiency notice, the IRS had 77 days after the date on which the tax court's judgment became final in which to make an assessment against Hans.

The parties disagree as to when the tax court decision became final within the meaning of I.R.C. § 6503(a). The government contends that the decision became final 90 days after the entry of the decision, when the time expired for appeal of the tax court decision by the taxpayer. Thus, the government calculates that the IRS had until May 6, 1985, to make its assessment. Hans contends, and the district court held, that the tax court's decision became final when the tax court entered its decision on November 20, 1984. Accordingly, the district court calculated that the government had until February 5, 1985, to make its assessment and held the government's March 22, 1985, assessment to be time-barred.

■ Determining when the tax court's decision became final for I.R.C. § 6503(a) purposes presents a question of statutory interpretation, a matter of law. Therefore our standard of review is *de novo*. *See In re Edward M. Johnson & Associates, Inc.*, 845 F.2d 1395, 1398 (6th Cir.1988); *Dayton Power & Light Co. v. FERC*, 843 F.2d 947, 954 (6th Cir.1988).

Internal Revenue Code § 7481(a)(1) provides that "the decision of the Tax Court shall become final ... [u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." In turn, I.R.C. § 7483 provides, "Review of a decision of the Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered."

Read together, these code provisions declare that in the absence of an appeal, a tax court decision becomes final 90 days after it is entered. The Fifth, Ninth, and Eleventh Circuits have noted that the running of the limitations period for IRS tax assessments is tolled until 150 days, the 90–day appeals period plus the 60–day statutory grace period, after the entry of the tax court's decision. *Security Industrial Ins. Co. v. United States*, 830 F.2d 581, 586 (5th Cir.1987); *Cole v. United States*, 863 F.2d 34, 36 (9th Cir.1988); *Sherry Frontenac, Inc. v. United States*, 868 F.2d 420, 424 (11th Cir.1989). We agree with those decisions and hold that under the language of the statutes, a tax court decision becomes

final for I.R.C. § 6503(a) purposes 90 days after it is decided.

## III.

For the foregoing reasons, the district court's denial in part of the government's motion for summary judgment is RE-VERSED, and the case is REMANDED to the district court for further proceedings.