972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Efim KOGAN, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Department of the
Treasury, Internal Revenue Service, United States
of America, Defendant-Appellee.
 No. 91-15428.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1992.
Decided Aug. 24, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Taxpayer Efim Kogan appeals the district court's grant of summary judgment in favor of the Internal Revenue Service ("IRS"). We affirm.
 
 FACTS
 
 3
 Kogan appealed to the Tax Court the IRS's determination of deficiencies in Kogan's taxes for the years 1979, 1980, and 1982. Kogan subsequently entered into a settlement with the IRS, which was entered as the Tax Court's decision on December 9, 1988. After the settlement, Kogan and the IRS also executed a "Closing Agreement on Final Determination Covering Specific Matters." This agreement stated that it was "final and conclusive." The agreement was effective January 18, 1989.
 
 
 4
 According to the IRS, on April 24, 1989, it assessed the tax due in accordance with the Tax Court decision and sent Kogan notice of the assessment. Kogan maintains that he never received this notice. On May 22, 1989, the IRS sent Kogan a "final notice" demanding payment. Kogan interpreted this letter as a notice of assessment, and challenged it as untimely. In response to Kogan's challenge of the assessment as untimely, Revenue Officer Smith of the IRS sent Kogan a letter on June 30, 1989. The letter stated that the assessment was timely made on April 24, 1989, and that Kogan was sent a "first and final notice" of the assessment on May 22, 1989.
 
 
 5
 Kogan paid the tax due, but later filed suit seeking a refund in district court. Kogan argues that the IRS's assessment of the tax due was untimely and therefore he was not required to pay. The IRS must assess a tax within sixty days of a Tax Court decision becoming final. Kogan maintains that because the closing agreement stated that the agreement was final, the normal rule that a Tax Court decision becomes final only after the ninety days allowed for appeal does not apply. Alternatively, he argues that the assessment was not made on April 24, 1989, but was made on May 22, 1989, and was therefore untimely even if the Tax Court decision did not become final until ninety days after it was entered.
 
 DISCUSSION
 
 6
 The district court's grant of summary judgment is reviewed de novo. Guaranty Nat'l Ins. Co. v. Gates, 916 F.2d 508, 511 (9th Cir.1990). The evidence is viewed in the light most favorable to the non-moving party to determine if there are any genuine issues of material fact and whether the district court correctly applied the law. Id. (citing Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986)).
 
 I.
 
 7
 The statute of limitations for the collection of taxes is tolled until 60 days after a Tax Court decision becomes final. 26 U.S.C. § 6503(a)(1). Because the statute of limitations in this case would have expired in the absence of the tolling provision, the date upon which the decision became final is critical. In the absence of an appeal, reviewable Tax Court decisions become final after the time for appeal has passed (ninety days). 26 U.S.C. § 7481(a). Thus, in most cases the IRS has 150 days from the Tax Court decision to assess a tax. In this case, the IRS alleges that it assessed the tax on April 24, 1989, within 150 days of the Tax Court decision.
 
 
 8
 Kogan, however, argues that the Tax Court's decision became final on January 18, 1989, when the closing agreement became effective, and that the IRS had only sixty days after that date to assess the tax. Since the IRS did not assess the tax within sixty days, Kogan argues that the assessment was untimely. The IRS maintains that the decision did not become final until the ninety days allowed for the filing of an appeal elapsed and thus the assessment was timely.
 
 
 9
 The IRS has the better argument. Kogan maintains that because the "closing agreement" he signed stated that it was "final and conclusive" the Tax Court's decision was unreviewable and I.R.C. § 7481(a) was inapplicable. While this argument has "some intuitive appeal," Cole v. United States, 863 F.2d 34, 35 (9th Cir.1988), it cannot withstand scrutiny. We have held that a similar stipulation, which settled a case and waived a provision requiring the IRS to wait ninety days before assessing a tax, did not alter the general rule that a Tax Court decision does not become final until the 90 day period to appeal has passed. Id. at 36. We noted that, "the statute of limitations, which bars the collection of taxes owed the IRS, is strictly and narrowly read." Id. at 35. In the present case, as in Cole, the agreement does not change the normal time period for a decision to become final.
 
 
 10
 Kogan attempts to distinguish Cole by pointing to the specific language in the closing agreement that the agreement was final and conclusive. He also notes that closing agreements are made "final and conclusive" by statute. 26 U.S.C. § 7121. As the IRS notes, however, closing agreements are separate and distinct from the Tax Court's decision. The agreement does not state that it in any way affects the finality of the Tax Court decision. Where the taxpayer has not obtained an explicit waiver, we will not find that the IRS has waived its right to the full statutory period to make the assessment. See Cole, 863 F.2d at 36.
 
 
 11
 Although the closing agreement was not appealable and stipulated decisions generally are not appealable, see Tapper v. Commissioner, 766 F.2d 401, 403 (9th Cir.1985); Security Indus. Ins. Co. v. United States, 830 F.2d 581, 584 (5th Cir.1987), unless there is a specific provision to the contrary, stipulated decisions do not alter the time at which a Tax Court decision becomes final. E.g., Pesko v. United States, 918 F.2d 1581, 1583 (Fed.Cir.1990); Sherry Frontenac, Inc. v. United States, 868 F.2d 420, 424 (11th Cir.1989); Security Indus. Ins. Co., 830 F.2d at 586. The logic of these cases also applies here.
 
 
 12
 The district court was correct in its legal conclusion that the IRS had the full statutory period, 150 days after the decision by the Tax Court, to assess the tax.
 
 II.
 
 13
 Kogan argues that there is a genuine question of material fact as to whether the IRS made the assessment of his taxes on April 24, 1989. In support of its motion for summary judgment on the issue of whether the assessment was timely, the IRS submitted the "Certificate of Assessments and Payments," an official record of Kogan's taxpaying history. In response, Kogan alleged that the official record was insufficient to prove the assessment. He pointed to a statement by an IRS Revenue Officer that the May 22, 1989, notice was a "first and final notice" as contradicting the IRS's information that the assessment was made on April 24, 1989, and that a notice of the assessment was sent to Kogan at that time. He also viewed the failure of the IRS to respond to his Freedom of Information Act requests for documentation of the assessment as raising a significant doubt about the veracity of the IRS's claim that it made the assessment on April 24.
 
 
 14
 An assessment of taxes is made by an assessment officer signing a summary record of the liability in the IRS's service center for the appropriate district. 26 C.F.R. § 301.6203-1 (1991). A Certificate of Assessments and Payments is a transcript that specifies the taxpayer's name, address, social security number, and the amount and date of all assessments, additions to tax, credits, refunds, etc. with respect to the taxpayer.
 
 
 15
 Kogan presses us to hold that the Certificate of Assessments is insufficient proof that an assessment was made on April 24, 1989. First, he argues that the official record is not properly attested to because it is signed by unknown parties. However, recently we have held that Certificates of Assessments "are admissible evidence that valid assessments have been made." Hughes v. United States, 953 F.2d 531, 540 (9th Cir.1992). The district court properly considered the Certificate of Assessments.[1]
 
 
 16
 Second, Kogan argues that the Certificate of Assessments alone is insufficient evidence to establish a presumption that the assessment was made on April 24, 1989. We reject this argument. A Certificate of Assessments "is an official document which establishes that assessments were made." Hughes, 953 F.2d at 535. The burden is on the taxpayer to present sufficient evidence to disprove the presumption of assessment. See id.
 
 
 17
 To support his claim that the assessment was not made on April 24, 1989, as recorded on the Certificate of Assessments, Kogan alleged three facts. First, he argued that he did not receive the notice of assessment allegedly sent him on April 24, 1989. Second, a June 30, 1989, letter from Revenue Officer Smith stated that Kogan received a "first and final notice" on May 22, 1989. Finally, Kogan allegedly never was provided with a summary recording of his assessment despite his requests under the Freedom of Information Act.
 
 
 18
 Kogan's theory basically is this: that an assessment was not made until the May 22, 1989, notice was sent to him (which the IRS alleges was the second notice sent). The IRS realized that the assessment was untimely and therefore has falsified the records to make it appear the assessment was timely. Revenue Officer Smith's letter supports Kogan's contention that he never received the first April 24, 1989, notice. Furthermore, the reason the IRS has not responded to his information requests is because they do not have a summary record.
 
 
 19
 We understand Kogan's contentions, but do not agree. Kogan has not presented enough evidence for a reasonable trier of fact to conclude that Kogan has rebutted the presumption of correctness granted the IRS's official records. Thus, he has not established a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); cf. Elias v. Connett, 908 F.2d 521, 526 (9th Cir.1990) ("Elias does not, however, offer any supporting evidence for his allegations. His bare assertions are not sufficient to carry his burden....").
 
 
 20
 The probative value of Revenue Officer Smith's comment in her letter is minimal. Smith stated that notice was sent on May 22, 1989, 28 days after the assessment. She was establishing that the required notice had been sent to the taxpayer. (26 U.S.C. § 6303 requires that notice be sent to a taxpayer within 60 days of making an assessment.) Smith's reference to a "first and final notice" was a minor error which, without more, is not significant. Even if no prior notice had been sent the notice on May 22 was timely.
 
 
 21
 By regulation, a taxpayer is entitled upon request to receive "a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." 26 C.F.R. § 301.6203-1 (1991). Kogan alleges that a failure to provide him with "any such information" is probative on the issue of the genuineness of the IRS's Certificate of Assessments.
 
 
 22
 "Assessment of tax as defined consists of no more than the ascertainment of the amount due and the formal entry of that amount on the books of the secretary." United States v. Dixieland Financial, Inc., 594 F.2d 1311, 1312 (9th Cir.1979) (citations omitted). The procedure is purely technical. Kogan received from the IRS information meeting the demands of the regulation at issue, although not in one specific document. The notice he was sent on May 22, 1989, includes his name, the character of liability assessed, the taxable period, and the amounts. The letter from Revenue Officer Smith was in response to Kogan's questions and included the date the assessment was made and provided additional information as to the character of the tax liabilities. Kogan relies too heavily on the failure of the IRS to provide him with a summary record of the assessment. This is not sufficient to rebut the presumption that the IRS records correctly record the date of the assessment.
 
 
 23
 Because Kogan did not establish the existence of a genuine issue of material fact, the district court properly granted summary judgment against him on the issue of the timeliness of the assessment.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Kogan argues that based on Brafman v. United States, 384 F.2d 863 (5th Cir.1967), the record is not valid. Brafman, however, is notably different. In Brafman the Government presented a summary record--but it showed that the assessment was not signed by the assessment officer. Thus, the plaintiff had proof that the assessment was not made in accordance with IRS regulations, which specifically require that the assessment officer sign the summary record. The present question, however, is what constitutes prima facie proof that an assessment was made. The Brafman case does not apply to the present context