RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0080p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
　　　　　　　　　*Plaintiff-Appellee,*

　　*v.*

ROBERT GEORGE SHAFER,
　　　　　　　　　*Defendant-Appellant.*

No. 07-2574

>

_____

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 07-00141-02—Robert J. Jonker, District Judge.

Argued: December 2, 2008

Decided and Filed: March 3, 2009

Before: MOORE and WHITE, Circuit Judges; TARNOW, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Richard E. Zambon, MITCHELL & ZAMBON, Grand Rapids, Michigan, for Appellant. Donald A. Davis, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Richard E. Zambon, MITCHELL & ZAMBON, Grand Rapids, Michigan, for Appellant. Daniel Y. Mekaru, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

　　MOORE, J., delivered the opinion of the court, in which TARNOW, D. J., joined. WHITE, J. (pp. 13-14), delivered a separate dissenting opinion.

_____

## OPINION

_____

　　KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Robert Shafer ("Shafer") appeals his sentence of 360 months of imprisonment resulting from his guilty

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

plea to one count of enticing a minor to engage in sexually explicit conduct for the purposes of producing visual depictions of such conduct and which were produced using material which had been shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. § 2251(a) and his agreement to a forfeiture demand pursuant to 18 U.S.C. §§ 2253(a)(1) and (a)(3). Specifically, Shafer admitted to causing "an eleven-year-old boy to undress and engage in sexually explicit conduct, including, but not limited to, masturbation and the lascivious exhibition of his genitals and pubic area. [Shafer] produced seven (7) digital images of the sexually explicit conduct using materials which had been shipped and transported in interstate and foreign commerce, including, but not limited to, a Sony Mavica brand digital camera that was manufactured outside of the State of Michigan." Joint Appendix ("J.A.") at 14-15 (Indictment at 1-2). Shafer's sole argument on appeal is that the district court clearly erred at sentencing when it imposed a two-level enhancement pursuant to the U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2G2.1(b)(2)(A) (2006). For the reasons discussed below, we **VACATE** Shafer's sentence and **REMAND** for resentencing.

## I. FACTS AND PROCEDURE

The facts of this case are not in dispute. Shafer and codefendant Kurt Amundson ("Amundson") operated a licensed foster-care home in Michigan. On June 20, 2006, the Van Buren County, Michigan, Sheriff's Department received information from C.J., a minor boy in Shafer's and Amundson's care, and C.J.'s father, that pertained to child pornography and other illegal conduct involving Shafer and Amundson. C.J. stated that, while he was under Shafer's and Amundson's care, he and other boys would join Shafer and Amundson in the hot tub at the residence. On one occasion, C.J. saw Amundson and Shafer in the hot tub with J.G., another minor ward of Amundson and Shafer, and B.H.,[1] a minor boy; everyone in the hot tub was naked. C.J. also reported finding pornographic pictures on Shafer's and Amundson's computers, but denied having any inappropriate contact with either Shafer or Amundson.

---

[1] B.H.'s mother, a friend of Shafer, had asked Shafer and Amundson to "act as a 'Big Brother'" to B.H. J.A. at 198 (Presentence Investigation Report ("PSR") at 13 ¶ 62). There is no evidence that B.H. was a ward of Shafer or Amundson.

On June 29, 2006, law-enforcement officials executed a search warrant on Shafer and Amundson's home, seizing various computers, floppy disks, DVDs, CDs, videotapes, and an external hard drive. Shafer was the primary user of one computer, which contained 144 images of suspected child pornography dating from November 2003 to April 5, 2006. In total, the search uncovered "20 images of child pornography production; 25,086 images of child pornography; and 1,244 child pornographic videos." J.A. at 194 (Presentence Investigation Report ("PSR") at 9 ¶ 35).

Of the images discovered, several included images of B.H. either naked or exposing his genitals or buttocks. One picture, taken when B.H. was eleven years old, depicted B.H. masturbating. B.H. was thirteen years old at the time these photos were discovered.

On June 6, 2007, a grand jury returned a six-count indictment charging Shafer and Amundson with sexually exploiting children. Law-enforcement officials arrested Shafer and Amundson on June 7, 2007. Pursuant to a proffer agreement, the FBI interviewed Shafer on July 18, 2007. At that time, "Shafer admitted molesting B.H. since he was approximately 8 years old." J.A. at 195 (PSR at 10 ¶ 47). Shafer believed this molestation occurred "once every two weeks over a five or six year period." *Id*. Shafer further detailed specific instances in which he and Amundson molested B.H. Shafer also admitted to sexually assaulting other children, but denied ever having sexual intercourse with J.G.[2]

On July 25, 2007, Shafer pleaded guilty to count one of the indictment, enticing a minor to engage in sexually explicit conduct for the purposes of producing visual depictions of such conduct and which were produced using material which had been shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. § 2251(a), and consented to the forfeiture allegation under 18 U.S.C. §§ 2253(a)(1) and

---

[2] Contrary to Shafer's assertion, J.G. claimed that Shafer and Amundson "'licked [J.G.'s] penis and made [J.G.] lick theirs; and made [J.G.] put [J.G.'s] privates in their butts.'" J.A. at 198 (PSR at 13 ¶ 61). J.G. further alleged that Shafer and Amundson "'put their privates in [J.G.'s] butt, and even though it hurt. . . . (pause) they held [J.G.] down, and that's when they hurt [J.G.'s] arm.'" *Id*. (ellipsis and (pause) alterations in PSR). No charges were filed against Shafer relating to this accusation.

(a)(3) expressed in count six.  Count one specifically stated that Shafer "caused an eleven-year-old boy to undress and engage in sexually explicit conduct, including, but not limited to, masturbation and the lascivious exhibition of his genitals and pubic area" and produced seven "digital images of the sexually explicit conduct using materials which had been shipped and transported in interstate and foreign commerce." J.A. at 14-15 (Indictment at 1-2).

A PSR was ordered and provided to Shafer prior to sentencing.  The PSR calculated Shafer's base offense level as 32 and imposed multiple enhancements.  Shafer raised several objections to the PSR in a sentencing memorandum.  Most important for purposes of this appeal, Shafer objected to a two-level enhancement awarded pursuant to § 2G2.1(b)(2)(A), which applies when "the offense involved . . . the commission of a sexual act or sexual contact."  U.S.S.G. § 2G2.1(b)(2)(A).  Shafer argued that both the term "sexual act" and the term "sexual contact" require one individual to touch another individual and thus do not encompass self-masturbation.

The district court responded to Shafer's objections at Shafer's sentencing hearing on December 10, 2007.  During argument regarding the § 2G2.1(b)(2)(A) enhancement, Shafer conceded that there was evidence "that he personally had direct physical contact with BH of a sexual nature but not with respect to the offense of conviction."  J.A. at 120 (Sent. Hr'g Tr. at 24).  The district judge overruled Shafer's objection to the § 2G2.1(b)(2)(A) enhancement, finding two grounds to support imposing the enhancement.

First, the district judge found that, although "sexual act," as defined by 18 U.S.C. § 2246(2), requires one individual to make contact with another individual, the plain language of 18 U.S.C. § 2246(3) defining "sexual contact" is broader, covering self-masturbation when done with the intent to arouse or gratify the sexual desire of either the person masturbating or a person watching.  Specifically, the district judge stressed that § 2246(3) defined "sexual contact" to include "the intentional touching . . . of the genitalia . . . of any person" and that "a person masturbating is caught touching the genitalia of any person, namely, his or her own." J.A. at 125 (Sent. Hr'g Tr. at 29).  The

district judge further found that a person can masturbate "with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," as required by § 2246(3), "and the desire of any person could include the [desire of the] person masturbating, or in this case could include the [desire of the] people filming [the masturbation], namely, [Shafer]." *Id.*

Second, the district judge found that, for purposes of this case, § 2G2.1(b)(2)(A) is not limited to

> the specific offense of conviction. Rather, I think, to say that the offense, not the offense of conviction, involved the commission of a sexual act or sexual contact implies more and suggests that the entire pattern of conduct involving at least a particular minor victim, such as BH in this case, ranging from earliest evidence of that at age 8 to the offense of conviction at age 11, is all part and parcel of the offense.

J.A. at 126 (Sent. Hr'g Tr. at 30). The district judge elaborated that "grooming conduct was an admitted part of what was going on here. This was not sex by force; it was sex by trust. And that involves ongoing acts and ongoing contact." *Id.* The district judge concluded that "anything related to that particular minor victim in the house of the co-defendants as part of their overall relationship is fair consideration for application of that guideline under 2G2.1[(b)](2)(A), and so that's an alterative basis, and the Court is holding that the enhancement would apply." *Id.*

After ruling on all of Shafer's objections, some of which were sustained and are not at issue in this appeal, and awarding a one-level reduction pursuant to the Government's motion for departure, the district court recalculated Shafer's offense level to be 41, with a criminal history level of I. The applicable guidelines range is 324 to 405 months; however, due to the statutory maximum for the offense to which Shafer pleaded, Shafer's guidelines range was set at 324 to 360 months. The district court sentenced Shafer to 360 months of imprisonment. Shafer timely appealed.

## II.  ANALYSIS

Shafer contends that the district court erred when it imposed the two-level enhancement pursuant to § 2G2.1(b)(2)(A) because:  (1) "sexual contact" does not include self-masturbation and (2) Shafer did not commit any "sexual contact" that can be considered "relevant conduct" for purposes of the enhancement.  Although we disagree with Shafer's assertion that "sexual contact" does not include self-masturbation, we conclude that the district court's imposition of an enhancement under § 2G2.1(b)(2)(A) cannot be supported by either theory advanced by the district court.

### A.  Standard of Review

We review the sentencing court's interpretation of the guidelines de novo and the district court's factual findings for clear error.  *United States v. Corrado*, 304 F.3d 593, 607 (6th Cir. 2002) (citing *United States v. Swiney*, 203 F.3d 397, 401 (6th Cir.), *cert. denied*, 530 U.S. 1238, 1268 (2000)).  "If the district court's factual findings are not clearly erroneous, this court reviews de novo 'the determination that the conduct in question constituted relevant conduct.'"  *Id.* (quoting *United States v. Myers*, 123 F.3d 350, 364 (6th Cir.), *cert. denied*, 522 U.S. 1020 (1997)).

### B.  Scope of "Sexual Contact" under 18 U.S.C. § 2246(3)

Shafer contends that the term "sexual contact" does not include self-masturbation.  Neither party provided the court with any caselaw addressing whether self-masturbation is covered by 18 U.S.C. § 2246(3)'s definition of "sexual contact."  We also were unable to locate such a case in any circuit.  Thus, this issue of statutory interpretation appears to be a question of first impression.

"'A matter requiring statutory interpretation is a question of law requiring de novo review, and the starting point for interpretation is the language of the statute itself.'"  *United States v. Dedman*, 527 F.3d 577, 584-85 (6th Cir. 2008) (quoting *United States v. Caldwell*, 49 F.3d 251, 251 (6th Cir. 1995)) (second set of internal quotation marks omitted).  "Absent a clearly expressed legislative intention to the contrary, th[e

statutory] language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980).

U.S.S.G. § 2G2.1(b)(2)(A) states that "[i]f the offense involved . . . the commission of a sexual act or sexual contact, increase [the base offense level] by 2 levels." U.S.S.G. § 2G2.1(b)(2)(A). "Sexual act" and "sexual contact" are defined in 18 U.S.C. §§ 2246(2) and (3), respectively. U.S.S.G. § 2G2.1(b)(2)(A) applic. n. 2. "Sexual act" is defined, in pertinent part, as "the intentional touching, not through the clothing, of the genitalia *of another person* who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D) (emphasis added). Section 2246(3) defines "sexual contact" as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of *any person* with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3) (emphasis added).[3]

The Government argues that, although self-masturbation is not a "sexual act" because it does not involve the touching of another, the plain text of the statute reveals that "sexual contact" is a broader term that encompasses the sexual touching of oneself. This argument has merit. Section 2246(3) clearly states that "sexual contact" involves certain intentional touching of "any person." "Any person" includes a person touching himself or herself. *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 53 (10th ed. 1995) (defining "any" as "EVERY—used to indicate one selected without restriction"). This argument is strengthened by the fact that the definition of "sexual act" requires the touching "of another person." § 2246(2)(D). "Another person" clearly requires at least two individuals to be involved in the act. Thus, because Congress chose to use different language when defining "sexual contact," it seems clear that Congress intended not to limit "sexual contact" in the same way it limited "sexual act."

---

[3]Section 2G2.1(b)(2)(A) also requires that the offense of conviction "involved" a "sexual act" or "sexual contact." In the instant case, it is obvious that the offense of conviction "involved" the act of self-masturbation, and Shafer does not argue otherwise. Thus, we need not and do not decide the parameters of the term "involved" as used in § 2G2.1(b)(2)(A).

Shafer argues that, because Congress failed to "specifically include self-masturbation in the definition of 'sexual contact,'" we should not "invade the role of Congress and define statutory terms," and contends that we should hold that "sexual contact," like "sexual act," requires one person to touch another person. Shafer Br. at 14. However, it appears that it is Shafer who is trying to "invade the role of Congress" by attempting to import a requirement into a clear statute that the language does not support. Nothing in § 2246(3) supports a holding that more than one person must be involved for "sexual contact" to occur. Simply because the statute does not specifically state that self-masturbation qualifies as "sexual contact" does not mean that Congress intended for such an act to be excluded, especially when self-masturbation falls squarely within the plain language of § 2246(3). Because the language is clear and there is not a "a clearly expressed legislative intention to the contrary," we must read § 2246(3) to mean exactly what it says. *Consumer Prod.*, 447 U.S. at 108. Such a reading requires us to hold that "sexual contact," as defined by § 2246(3), includes self-masturbation.[4]

The statutory requirements for "sexual contact" also include an intent element. Section 2246(3) states that "sexual contact" occurs if there is "the intentional touching . . . of the genitalia . . . of any person *with an intent to* abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." § 2246(3) (emphasis added). The plain language of the statute requires that the person who is doing the "touching" must have a specific intent. Thus, in this case, B.H. must have self-masturbated with the intent either to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of some person—himself or Shafer. The district judge made no findings regarding B.H.'s intent. Furthermore, given B.H.'s age at the time of the offense, we are unwilling to infer the necessary intent from the act of masturbation. When an adult is engaging in explicit sexual contact at the behest of an onlooker, it may be appropriate to infer from

---

[4]Shafer makes much of the case of *United States v. Starr*, 486 F. Supp. 2d 940 (N.D. Iowa 2007). However, *Starr* considered only whether the definition of "sexual act" covers self-masturbation, finding that self-masturbation was not a "sexual act" because Congress's use of the phrase "of another" in the definition of "sexual act" limited the conduct that could be consider a "sexual act" to conduct that involved "some physical contact between the defendant and another person." *Id*. at 947. As Shafer admits, *Starr* did not address the definition of "sexual contact." Shafer Br. at 14. Shafer does not explain why *Starr* is relevant, and we could not find any language in that case that would be helpful in resolving the instant appeal.

the circumstances that such an individual is engaging in the sexual contact with the intent to fulfill either his or her own sexual gratification or the gratification of the onlooker. However, when the person engaging in the sexual contact is an eleven-year-old boy, drawing such an inference is not legally sound. In the instant case, it is just as likely, if not more likely, that B.H. self-masturbated merely to gain Shafer's approval, and thus B.H.'s only intent was to please Shafer in a non-sexual way. Because there are insufficient facts on the record to support a finding of B.H.'s intent, we cannot uphold the imposition of the § 2G2.1(b)(2)(A) enhancement based on the district court's first theory. However, our holding does not preclude the district court from making the necessary finding of intent on remand.

## C.  Relevant Conduct

The district court alternatively reasoned that imposing the § 2G2.1(b)(2)(A) enhancement was proper because Shafer admitted to past "direct physical contact with BH of a sexual nature but not with respect to the offense of conviction," J.A. at 120 (Sent. Hr'g Tr. at 24), which constituted relevant conduct. This approach is also flawed.

To apply a two-level enhancement under § 2G2.1(b)(2)(A), a court must find that "the offense involved . . . the commission of a sexual act or sexual contact." U.S.S.G. § 2G2.1(b)(2)(A) (2006). The guidelines state that "offense" should be defined as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1 applic. n.1(H). Furthermore, relevant conduct is defined as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A). There is no evidence that Shafer committed a sexual act or sexual contact during the commission of

the offense of conviction[5] or in the course of attempting to avoid detection or responsibility for the offense of conviction. Therefore, reading these provisions together in the light most pertinent to the instant case, the district court could award Shafer a two-level enhancement under § 2G2.1(b)(2)(A) only if any of the acts or omissions Shafer committed *in preparation for* the offense of conviction involved the commission of a sexual act or sexual contact.

The sentencing guidelines do not provide a definition for the phrase "in preparation for," and we have found little caselaw analyzing the phrase.[6] In fact, we found only one case that stated any specific requirements regarding acts "in preparation for" an offense of conviction. *See United States v. Yerena-Magana*, 478 F.3d 683, 689 (5th Cir. 2007). In *Yerena-Magana*, a defendant argued that his illegal entry into the United States on May 24, 2004, was done in preparation for his drug offense of June 24, 2004, his offense of conviction. *Id*. at 686. The defendant claimed that the illegal entry constituted relevant conduct and could not be counted as a prior sentence under U.S.S.G. § 4A1.1 in calculating his criminal history score. *Id*. The Fifth Circuit rejected the argument, noting that "[t]here [was] no evidence in the record . . . that Yerena-Magana *intended* to commit the drug offense for which he was sentenced at the time he illegally entered the United States. We will not infer that he illegally entered this country 'in preparation for' the drug offense, as he requests." *Id*. at 689 (emphasis added) (footnote omitted).

We find *Yerena-Magana*'s analysis helpful. In its most common and natural usage, the phrase "in preparation for" encompasses "[t]hings done to get ready for an

---

[5]It is important to emphasize that Shafer pleaded guilty to "us[ing], persuad[ing], induc[ing], and entic[ing] a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and which were produced using materials which had been shipped and transported in interstate and foreign commerce." J.A. at 14 (Indictment at 1). This is the offense of conviction. As explained above, this offense itself could not trigger the application of § 2G2.1(b)(2)(A).

[6]In most cases, a court simply states that conduct is or is not done in preparation for the offense of conviction, with no further explanation. *See, e.g., United States v. Gill*, 348 F.3d 147, 153 (6th Cir. 2003) (noting that "[p]ossessing drugs for personal use was not part of or connected to the commission of, preparation for, or concealment of the distribution-type offense," without explanation); *United States v. Phelps*, 536 F.3d 862, 868-69 (8th Cir. 2008) (holding that an "offense did not occur during the commission of the federal offense, in preparation for the federal offense, or in the course of attempting to avoid detection for the federal offense," without further explanation).

event or undertaking; preparatory measures." Oxford English Dictionary Online, www.dictionary.oed.com (last visited February 12, 2009) (defining "preparations"). This definition suggests that acts are done "in preparation for" other acts when the actor performs that first act with an intent or purpose to "get ready for" the later act. Moreover, lack of an intent requirement would expand the realm of "relevant conduct" to include any and all conduct that preceded the offense of conviction, even if that conduct was not done with any intent or purpose to prepare for the offense of conviction. There is no support for such a broad reading of "in preparation for" in the text of the guidelines or in the caselaw. Therefore, we conclude that, to support an enhancement based on § 1B1.3(1)'s "in preparation for" language, there must be record evidence regarding the intent of the defendant in performing the alleged preparatory actions.

In the instant case, the record does support a finding that Shafer sexually abused B.H. prior to the offense of conviction and that that abuse involved either "sexual contact" or a "sexual act." J.A. at 120 (Sent. Hr'g Tr. at 24) ("Mr. Shafer concedes that there's evidence in the form of that other tape indicating that he personally had direct physical contact with BH of a sexual nature but not with respect to the offense of conviction."). However, the record is completely devoid of evidence regarding Shafer's intent in inflicting the previous sexual abuse on B.H. Thus, to affirm on "relevant conduct" grounds, we would have to conclude that Shafer's "direct physical contact with BH of a sexual nature" was in preparation for the later self-masturbation by B.H., even though there is no evidence that Shafer did any of those prior acts with the intent to have B.H. masturbate later. This we cannot do.

The district court side-stepped this issue by concluding that this case involved "grooming conduct" that transformed all of Shafer's previous sexual abuse of B.H. into relevant conduct. J.A. at 126 (Sent. Hr'g Tr. at 30). Although it may be true that Shafer's previous sexual abuse of B.H. made it easier for Shafer to convince B.H. to participate in the offense of conviction, that fact does not by itself support a finding that Shafer committed the previous abuse with any intent to have B.H. later self-masturbate. In other words, the mere fact that there was previous sexual abuse does not prove that

the previous abuse was perpetrated in preparation for the subsequent offense of conviction here.  Without evidence of Shafer's intent in inflicting the previous sexual abuse, we cannot uphold the § 2G2.1(b)(2)(A) enhancement under a relevant-conduct theory.

### III.  CONCLUSION

Because (1) there is no evidence regarding B.H.'s intent when he self-masturbated, and (2) there is no evidence that Shafer's prior abuse of B.H. was done in preparation for the offense of conviction, we conclude that the two-level enhancement pursuant to U.S.S.G. § 2G2.1(b)(2)(A) does not apply here.  Therefore, we **VACATE** Shafer's sentence and **REMAND** for further proceedings consistent with this opinion.

—————————

**DISSENT**

—————————

WHITE, Circuit Judge, dissenting.  Because I understand the district court to have made a factual finding regarding B.H.'s intent, which finding is adequately supported by the record, I dissent.

In an appeal of a criminal sentence "[w]e review de novo the sentencing court's interpretation of the Sentencing Guidelines and statutes, and we review for clear error its factual findings."  *United States v. Corrado*, 304 F.3d 593, 607 (6th Cir. 2002); *see also United States v. King*, 516 F.3d 425, 427 (6th Cir. 2008).

The district court analyzed the relevant guideline and concluded that "the language of [18 U.S.C. §] 2246(3) defining 'sexual contact' is much broader" than the language defining "sexual act."  (J.A. at 125.)  The court discussed the statutory language and applied it to the instant case:

> The language in the statute says the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, and some other body parts, of any person, a person masturbating is caught touching the genitalia of any person, namely, his or her own, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, and the desire of any person could include the person masturbating, or in this case could include the people filming it, namely, the defendants.  So I think that the literal language of the statute, even applying the guideline in its narrowest possible application to the specific offense of conviction and no other related contact or conduct, is enough to warrant the enhancement.

(J.A. at 125-26.)  The majority agrees with the district court's statutory analysis but stops short of accepting its application of the statute to the facts.  I would accept the district court's conclusion in its totality.

In holding that "the desire of any person could include the person masturbating, or in this case could include the people filming it, namely, the defendants," and that the "narrowest possible application" of U.S.S.G. § 2G2.1 "is enough to warrant the

enhancement," the court implicitly found that B.H.'s intent in engaging in sexual contact was to arouse or gratify Shafer's and Amundson's sexual desire. It is quite possible that B.H. had additional intentions when he engaged in the sexual contact (e.g., gaining defendant's approval, avoiding defendant's disapproval, gratifying his own desires). However, this does not render the district court's conclusion either unsupported or clearly erroneous. Given the entire pattern of conduct – which involved ongoing sexual acts and sexual contact in the years preceding the offense of conviction – I do not agree that the inference that B.H. acted with the intent to gratify Shafer's sexual desire is "not legally sound." Maj. Op. at 9. It was a fair inference that B.H. had become familiar with Shafer's sexual desires and engaged in the activity to satisfy them, without regard to whether at age eleven he fully understood what he was doing.

I would affirm on this basis.