RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0192p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

　　　　　　*Plaintiff-Appellee,*

　　*v.*

JAMES TERRY MOORE,

　　　　　　*Defendant-Appellant.*

No. 08-5291

>

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 06-00098-001—Charles R. Simpson III, District Judge.

Argued: March 12, 2009

Decided and Filed: May 12, 2009[*]

Before: BATCHELDER and CLAY, Circuit Judges; COX, District Judge.[**]

_____

## COUNSEL

**ARGUED:** Frank W. Heft, Jr., WESTERN KENTUCKY FEDERAL COMMUNITY DEFENDER, INC., Louisville, Kentucky, for Appellant. Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** Frank W. Heft, Jr., Jamie L. Haworth, WESTERN KENTUCKY FEDERAL COMMUNITY DEFENDER, INC., Louisville, Kentucky, for Appellant. Terry M. Cushing, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

---

[*] This decision was originally issued as an "unpublished decision" filed on May 12, 2009. On May 27, 2009, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

———————————

**OPINION**

———————————

ALICE M. BATCHELDER, Circuit Judge.   James Terry Moore appeals his sentence, arguing that the district court sentenced him under the wrong statute and, therefore, the sentence imposed was improper.  For the reasons that follow, we AFFIRM the district court.

**I.**

The police caught James Terry Moore sending and receiving child pornography over the internet, and discovered 7,000 to 8,000 pornographic images on his computer, over 5,000 of which were graphic sexual depictions of children under the age of 12. Moore's extensive criminal history included two separate convictions for gross sexual imposition involving a girl under the age of 13, a conviction for statutory rape, and a conviction for distributing child pornography.  Moore entered guilty pleas to four counts of advertising, possessing, and distributing child pornography.

At sentencing, the government argued for a life sentence, on the basis that Moore was a repeat child sex offender, and therefore subject to a specific statutory minimum sentence:

> A person who is convicted of a [f]ederal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed.

18 U.S.C. § 3559(e)(1).  Moore countered that another — conflicting — statute should control and that, pursuant to that statute, he should be sentenced to a statutory minimum 35 years:

> Any individual who violates . . . this section [i.e., sexual exploitation of children] . . .  [and] has 2 or more prior convictions . . . relating to the sexual exploitation of children, . . . shall be . . . imprisoned not less than 35 years nor more than life.

18 U.S.C. § 2251(e). Moore argued that the two statutory provisions are irreconcilable and, due to the rule of lenity, the court was obligated to apply the more lenient of the two.

The district court agreed that the two statues were contradictory, but added that, in reconciling conflicting provisions that were enacted at the same time, the last in order or arrangement controls. *See United States ex rel. Harris v. Daniels*, 279 F. 844, 849 (2d Cir. 1922). Therefore, the court concluded, "[t]he rule of lenity is inapplicable to this case" because it "is predicated on statutory ambiguity" and "[t]his court is not faced with any ambiguity," inasmuch as "§ 3559(e) prevails over § 2251(e) because it is later in order of arrangement in the [Act]." Consequently, the district court sentenced Moore to life in prison, pursuant to § 3559, and Moore now appeals.

## II.

Moore raises three arguments on appeal, the foremost among them being the same argument he raised to the district court — that the "irreconcilable conflict" between the two provisions renders them ambiguous and, hence, subject to the rule of lenity. The government responds that there is no conflict, but even if there were, this conflict would not render the provisions ambiguous; it would merely prompt us to invoke ordinary rules of statutory construction to determine which controls.

"A matter requiring statutory interpretation is a question of law requiring *de novo* review, and the starting point for interpretation is the language of the statute itself." *United States v. Shafer*, 557 F.3d 440, 445 (6th Cir. 2009) (citations and quotation marks omitted). We find that these statutes are not contradictory. These two statutes apply to different groups of defendants convicted of different sex offenses against children. Section 2251(e)[1] applies to defendants who have committed offenses set out in § 2251(a) through (d); of those defendants, those who have "[two] or more prior convictions . . .

---

[1]The pertinent portion of this provision applies to defendants who have "[two] or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children." 18 U.S.C. § 2251(e).

relating to the sexual exploitation of children" must be sentenced to a minimum of 35 years in prison. Section 3559(e) applies to defendants who are convicted of committing a "federal sex offense"[2] and who have "*a prior sex conviction* in which a minor was the victim." The term "prior sex conviction" is defined in the statute as a sex-offense conviction "for which *the sentence was imposed before* the conduct occurred constituting the [current] federal sex offense." 18 U.S.C. § 3559(e)(20(C). So, the mandatory lifetime sentence in § 3559 applies to federal sex offenses against minors and requires that a defendant must have been convicted *and sentenced* for a prior sex offense against a minor before that defendant committed the present sex offense; whereas the 35-year minimum sentence in § 2251 applies to sexual-exploitation offenses and has no prior-sentencing requirement, but requires only prior conviction(s) for prior sex offenses.

Even if these provisions did contradict each other, this contradiction would not invoke the rule of lenity. "The touchstone of the rule of lenity is statutory ambiguity," such that "[t]he rule comes into operation at the end of the process of construing what Congress has expressed[] and applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." *Burgess v. United States*, 553 U.S. --, 128 S. Ct. 1572, 1580 (2008) (citations, quotation marks, and editorial marks omitted). The district court "consult[ed] [the] traditional canon[] of statutory construction" that holds: "if both [provisions] were enacted at the same time, the last in order or arrangement controls." *See Daniels*, 279 F. at 849. Similarly, we find that the last in order of arrangement — § 3559(e)(1) — controls, there is no inconsistency and no ambiguity, and the rule of lenity does not come into operation. *See Burgess*, 128 S. Ct. at 1580.

---

[2] "Federal sex offense" is a defined term meaning:

> [A]n offense under section 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying of children), 2422(b) (relating to coercion and enticement of a minor into prostitution), or 2423(a) (relating to transportation of minors)[.]

18 U.S.C. § 3559(e)(2)(A).

Moore also argues that the district court erred by relying on the 2003 amendments to the statute when it should have relied on certain 2006 amendments, which, he contends, result in § 2251(e)'s having repealed § 3559(e)(1) by implication, making § 2251(e) controlling. The government replies that Moore never raised this argument to the district court so this is a matter of plain error review and there is no error here, plain or otherwise, inasmuch as Congress amended § 3559(e)(1) in 2006 as well, so neither is later enacted. The government is correct that the 2006 amendments amended both § 2251 and § 3559(e)(1), so neither is later enacted.

Finally, Moore argues that § 2251(e) is more specific than § 3559(e), inasmuch as § 2251(e) applies only to defendants who have been convicted of one of several specifically named offenses (e.g., "aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography"), whereas § 3559(e)(1) applies broadly and generally (e.g., any "prior sex conviction in which a minor was the victim").

The government responds, as it did to the prior argument, that this is a matter of plain error review (inasmuch as Moore has never before raised this argument) and there is no error here, plain or otherwise. The government argues — and we agree — that § 2251(e) appears specific only by way of Moore's "tortured interpretation," and § 3559(e)(1) appears general only if we omit that section's express definitions, e.g., "prior sex conviction" and "Federal sex offense." Section 3559(e) may cover more crimes and criminals than § 2251(e)(1), but that does not render it any less *specific*.

## III.

For the foregoing reasons, we **AFFIRM** the district court's judgment.